1 | **LAW OFFICES OF DALE K. GALIPO**
2 | Dale K. Galipo (SBN 144074)
  | dalekgalipo@yahoo.com
3 | Cooper Mayne (SBN 343691)
  | cmayne@galipolaw.com
4 | 21800 Burbank Boulevard, Suite 310
  | Woodland Hills, CA 91367
5 | Phone: (818) 347-3333

6 | *Attorneys for Plaintiff*

7 |

8 | **UNITED STATES DISTRICT COURT**

9 | **CENTRAL DISTRICT OF CALIFORNIA**

10 |

11 | BRITANY TRANCKINO, by and
   | through her Guardian ad Litem,
12 | TRACY COLE,

13 |                   Plaintiff,

14 |          vs.

15 | COUNTY OF ORANGE and DOE 1,

16 |                   Defendants.

Case No.:

**COMPLAINT FOR DAMAGES**

Federal Law Claims
  1. Fourth Amendment, Excessive Force (42 U.S.C. § 1983)
  2. Fourth Amendment, Denial of Medical Care (42 U.S.C. § 1983)
  3. Municipal Liability, Unconstitutional Custom or Policy (42 U.S.C. § 1983)
  4. Municipal Liability, Failure to Train (42 U.S.C. § 1983)
  5. Municipal Liability, Ratification (42 U.S.C. § 1983)
  6. Americans with Disabilities Act (42 U.S.C. § 12132)

State Law Claims
  7. Battery
  8. Negligence
  9. Violation of Cal. Civil Code § 52.1

**DEMAND FOR JURY TRIAL**

17
18
19
20
21
22
23
24
25
26
27
28

1

**COMPLAINT FOR DAMAGES**

COME NOW, Plaintiff BRITANY TRANCKINO, by and through her Guardian ad Litem, TRACY COLE, for her Complaint for Damages against Defendants COUNTY OF ORANGE and DOE 1, and hereby alleges as follows:

**INTRODUCTION**

This civil rights action arises from the shooting of BRITANY TRANCKINO ("Ms. Tranckino" or "Plaintiff"), a 38-year-old woman suffering from schizophrenia, by deputies of the Orange County Sheriff's Department ("OCSD"). In the middle of the night on March 28, 2025, OCSD deputies responded to a call that Ms. Tranckino was crying inside her apartment in Dana Point, California. No crime was reported. No one was injured or in danger. The OCSD knew Ms. Tranckino and knew she was schizophrenic—they had responded to her residence on prior occasions and had previously deployed a Crisis Assessment Team ("CAT Team") to interact with her. This time, they did not. Instead, the deputies aggressively knocked on Ms. Tranckino's door without loudly or clearly announcing themselves as police. Frightened and believing intruders were at her door, Ms. Tranckino came outside holding a kitchen knife. When she realized the individuals were police officers, she immediately lowered the knife and turned to walk back into her apartment. As she was walking away, her back to the deputies, DOE 1 shot her multiple times. The deputies had Tasers but chose not to use them. Ms. Tranckino is now permanently paraplegic.

At the time of the shooting, Ms. Tranckino posed no threat to anyone. She had recognized the officers, put down the knife, and was retreating into her own home when she was shot in the back. The use of deadly force was excessive and objectively unreasonable under the circumstances.

Ms. Tranckino's Guardian ad Litem, Tracy Cole, is Ms. Tranckino's mother. Ms. Tranckino requires a Guardian ad Litem due to the severity of

2

her injuries and her pre-existing mental health condition. Plaintiff seeks compensatory damages from Defendants for violating her rights under the United States Constitution and for their violations of state law. Plaintiff seeks punitive damages from Defendant DOE 1.

## JURISDICTION AND VENUE

The Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §§ 1331 and 1343(a)(3)–(4) because Plaintiff asserts claims arising under the laws of the United States including 42 U.S.C. § 1983 and the Fourth and Fourteenth Amendments of the United States Constitution.

This Court has supplemental jurisdiction over Plaintiff's claims arising under state law pursuant to 28 U.S.C. § 1367(a) because those claims are so related to the federal claims that they form part of the same case or controversy under Article III of the United States Constitution.

Venue in this judicial district is proper pursuant to 28 U.S.C. § 1391(b) because all incidents, events, and occurrences giving rise to this action occurred within this district.

On or about September 24, 2025, Plaintiff served her comprehensive and timely claim for damages with the COUNTY OF ORANGE pursuant to applicable sections of the California Government Code. The claim was rejected by operation of law.

## PARTIES

Plaintiff BRITANY ELISE TRANCKINO is a 38-year-old woman who, at all relevant times, was an individual residing in Dana Point, in the County of Orange, California. Ms. Tranckino suffers from schizophrenia and is mentally disabled. As a direct result of the incident alleged herein, Ms. Tranckino is now permanently paraplegic.

TRACY COLE is the natural mother of Ms. Tranckino and serves as her Guardian ad Litem in this action.

3

LAW OFFICES OF
DALE K. GALIPO
CIVIL RIGHTS ATTORNEYS

1    Defendant COUNTY OF ORANGE ("COUNTY") is a political

2  subdivision of the State of California that is within this judicial district.

3  Defendant COUNTY is responsible for the actions, omissions, policies,

4  procedures, practices, and customs of its various agents and agencies,

5  including the Orange County Sheriff's Department ("OCSD") and its agents

6  and employees. At all relevant times, Defendant COUNTY was responsible

7  for assuring those actions, omissions, policies, procedures, practices, and

8  customs of the Defendant COUNTY, OCSD, and its employees and agents

9  complied with the laws of the United States and the State of California. At all

10  relevant times, Defendant COUNTY was the employer of Defendant DOE 1.

11    Defendant DOE 1 is the deputy with the OCSD who shot Ms.

12  Tranckino. At all relevant times, DOE 1 was acting under the color of law

13  within the course and scope of his duties as a deputy working for the OCSD.

14  At all relevant times, DOE 1 acted with complete authority and ratification of

15  his principal, Defendant COUNTY. The true name and identity of DOE 1 is

16  presently unknown to Plaintiff, who will seek leave to amend this complaint

17  to allege DOE 1's true name when it has been ascertained.

18    At the time of the incident, a second deputy, a female officer, was

19  present at the scene. This officer is referenced herein as DOE 2 for

20  identification purposes only and is not named as a defendant in this action.

21    According to information and belief, DOE 1 was at all relevant times a

22  resident of the County of Orange.

23    Defendants acted at all times mentioned herein as the actual and/or

24  ostensible agents, employees, servants, or representatives of each other and,

25  in doing the activities alleged herein, acted within the scope of their authority

26  as agents and employees, and with the permission and consent of each other.

27    Pursuant to Cal. Govt. Code § 815.2(a), Defendant COUNTY is

28  vicariously liable for the nonfeasance and malfeasance of the individual

4

1   Defendant DOE 1 as alleged by Plaintiff's state law claims. Defendant DOE 1

2   is liable for his nonfeasance and malfeasance pursuant to Cal. Govt. Code §

3   820(a). Defendant COUNTY is also liable pursuant to Cal. Govt. Code §

4   815.6.

5        Defendant DOE 1 is sued in his individual capacity. Defendant

6   COUNTY is being sued for direct liability under Monell and vicarious

7   liability under Plaintiff's state law claims. Punitive damages are only being

8   requested as to Defendant DOE 1.

9                    **FACTS COMMON TO ALL CLAIMS FOR RELIEF**

10       In the middle of the night on March 28, 2025, deputies from the

11  Orange County Sheriff's Department ("OCSD") responded to a call regarding

12  48 Corniche Drive, Unit H, Dana Point, California—the residence of Plaintiff

13  Britany Elise Tranckino. The call involved reports that Ms. Tranckino was

14  crying inside her apartment. No crime was reported. No one had been injured

15  or threatened. There was no indication of any emergency requiring the use of

16  force.

17       At the time of the incident, Ms. Tranckino was 38 years old and

18  suffered from schizophrenia, a serious mental illness. Ms. Tranckino was

19  mentally disabled.

20       The OCSD was aware that Ms. Tranckino was schizophrenic and

21  mentally disabled. The OCSD had been in contact with Ms. Tranckino on

22  several prior occasions and was familiar with her mental health condition.

23       On prior occasions when the OCSD responded to calls involving Ms.

24  Tranckino, the department deployed a Crisis Assessment Team ("CAT

25  Team")—a specialized team trained to interact with individuals experiencing

26  mental health crises. Despite knowing that Ms. Tranckino was schizophrenic

27  and mentally disabled, on March 28, 2025, the OCSD failed to deploy a CAT

28  Team to the scene.

On the date and time of the incident, there was no medical personnel or mental health professional present to assist in interacting with Ms. Tranckino, despite her known mental health condition.

Upon arriving at Ms. Tranckino's residence, the deputies, including DOE 1, aggressively knocked on her door. The deputies failed to loudly and clearly announce themselves as police officers.

Frightened and believing that intruders were at her door, Ms. Tranckino came outside holding a kitchen knife. The officers, including DOE 1, were standing several feet away from Ms. Tranckino with their guns drawn. The deputies were aware of Ms. Tranckino's mental condition because they had responded to her residence on prior occasions.

Upon recognizing that the individuals she perceived as intruders were in fact police officers, Ms. Tranckino immediately lowered the kitchen knife and turned to walk back into her apartment.

As Ms. Tranckino was walking back into her apartment, her back facing the deputies, no longer posing any threat to anyone, DOE 1 shot her multiple times, causing her to fall back into her home.

At the time of the shooting, Ms. Tranckino was not posing an imminent threat of death or serious bodily injury to the deputies or to anyone else. She had lowered the kitchen knife, turned away from the deputies, and was retreating into her own home. Her back was to the deputies when she was shot.

The deputies, including DOE 1, were equipped with Tasers and other less-lethal force options but chose not to use them.

The deputies failed to provide a verbal warning indicating that deadly force would be used and did not afford Ms. Tranckino a reasonable opportunity to comply with any commands before shooting her.

6

Despite knowing that Ms. Tranckino suffered from schizophrenia and was mentally disabled, DOE 1 and the other deputies failed to employ de-escalation tactics, failed to attempt communication strategies appropriate for individuals experiencing a mental health crisis, and immediately escalated the encounter to the use of deadly force.

The use of deadly force under these circumstances was excessive and objectively unreasonable, particularly in light of the fact that the deputies had Tasers available, no crime had been reported, Ms. Tranckino had lowered the knife and was walking away, the deputies had distance and time, and the deputies knew Ms. Tranckino was schizophrenic.

Upon information and belief, following the shooting, DOE 1 and the involved deputies failed to render timely medical aid to Ms. Tranckino, despite knowing that she had sustained multiple gunshot wounds and was in critical need of life-saving treatment.

As a direct and proximate result of the shooting, Ms. Tranckino sustained severe and life-altering injuries, including but not limited to multiple gunshot wounds, spinal cord damage, and resultant permanent paraplegia. Ms. Tranckino is now permanently paraplegic and will require extensive medical care, rehabilitation, and assistance for the remainder of her life.

Ms. Tranckino has suffered and continues to suffer extreme physical pain, emotional distress, mental anguish, loss of enjoyment of life, loss of earning capacity, and significant past and future medical expenses as a direct result of the shooting.

The conduct of Defendant DOE 1 was malicious, wanton, and oppressive. Plaintiff is therefore entitled to an award of punitive damages against Defendant DOE 1.

## **FIRST CLAIM FOR RELIEF**

### **Fourth Amendment—Excessive Force (42 U.S.C. § 1983)**

(Plaintiff against DOE 1)

Plaintiff repeats and realleges each and every allegation in the foregoing paragraphs of this Complaint with the same force and effect as if fully set forth herein.

The Fourth Amendment to the United States Constitution, as applied to State Actors by the Fourteenth Amendment, provides the right of every person to be free from the use of excessive force by law enforcement officers.

Defendant DOE 1 used excessive force against Ms. Tranckino by shooting her multiple times despite the fact that she was not an immediate threat of death or serious bodily injury to any person, including the involved deputies. At the time of the shooting, Ms. Tranckino had lowered the kitchen knife she had been holding, recognized the deputies as law enforcement, and was walking back into her home. Her back was to the deputies when she was shot. She was several feet away from the deputies, who had distance, space, and time.

DOE 1 failed to employ de-escalation tactics, failed to use less-lethal alternatives, and did not provide a verbal warning for the use of deadly force when it was feasible to do so.

DOE 1 knew that Ms. Tranckino was suffering from schizophrenia and was mentally disabled, but he did not take that into account when he chose to escalate the situation and shoot her without warning.

No serious or violent crime was being responded to, and less intrusive alternatives were available, including but not limited to the deployment of a CAT Team, verbal de-escalation, and the use of non-lethal force options.

The use of force was excessive and unreasonable, given that Ms. Tranckino posed no immediate threat, was moving away from the deputies, and the deputies had the ability to maintain distance, cover, and time.

As a direct result of Defendant's actions, Ms. Tranckino experienced severe physical and mental pain and was rendered permanently paraplegic.

The conduct of DOE 1 was willful, wanton, malicious, and done with reckless disregard for Ms. Tranckino's rights and safety, warranting the imposition of exemplary and punitive damages.

Plaintiff seeks damages including but not limited to past and future medical expenses, past and future pain and suffering, emotional distress, disfigurement, loss of enjoyment of life, financial loss, and reduced earning capacity. Plaintiff also seeks attorney's fees and costs pursuant to 42 U.S.C. § 1988.

## SECOND CLAIM FOR RELIEF

### Fourth Amendment—Denial of Medical Care (42 U.S.C. § 1983)

(Plaintiff against DOE 1)

Plaintiff repeats and realleges each and every allegation in the foregoing paragraphs of this Complaint with the same force and effect as if fully set forth herein.

Defendant DOE 1 acted within the course and scope of his employment as a deputy for the OCSD and acted under color of state law.

The denial or delay of medical care by Defendant DOE 1 deprived Ms. Tranckino of her right to be secure in her person against unreasonable seizures guaranteed by the Fourth Amendment to the U.S. Constitution, as applied to the states by the Fourteenth Amendment, in violation of 42 U.S.C. § 1983.

After shooting Ms. Tranckino multiple times, DOE 1 and the involved deputies failed to provide timely medical care to Ms. Tranckino and failed to

timely summon medical care for Ms. Tranckino. The delay and/or denial of medical care was a cause of Ms. Tranckino's additional pain, suffering, and the exacerbation of her injuries.

As a direct result of the aforesaid acts and omissions of Defendant, Ms. Tranckino suffered great physical and mental injury, fear, and emotional distress.

Plaintiff seeks damages including but not limited to past and future medical expenses, past and future pain and suffering, emotional distress, and loss of enjoyment of life. Plaintiff also seeks attorney's fees and costs pursuant to 42 U.S.C. § 1988.

### THIRD CLAIM FOR RELIEF

**Municipal Liability: Unconstitutional Custom or Policy (42 U.S.C. § 1983)**

(Plaintiff against the COUNTY)

Plaintiff repeats and realleges each and every allegation in the foregoing paragraphs of this Complaint with the same force and effect as if fully set forth herein.

The actions of Defendant DOE 1, which deprived Ms. Tranckino of her constitutional rights under the Fourth and Fourteenth Amendments, were carried out in accordance with a widespread and longstanding practice or custom of Defendant COUNTY. This custom condones, ratifies, and acquiesces in the excessive use of deadly force by Sheriff's deputies. Due to this ingrained practice, upon information and belief, DOE 1 has not been disciplined, reprimanded, retrained, suspended, or faced any administrative or adverse employment consequences in connection with the shooting of Ms. Tranckino. This practice or custom by COUNTY serves as the moving force behind the deprivation of Plaintiff's rights and injuries.

Defendants COUNTY, together with other COUNTY final policymakers and supervisors, maintained the following unconstitutional customs, practices, and policies:

a. The use of excessive force, including excessive deadly force by OCSD deputies when there is no need for deadly force, or where there is no imminent threat to deputies.

b. The COUNTY's failure to provide adequate training regarding the use of force, and the use of deadly force.

c. The COUNTY's employing and retaining as Sheriff's deputies individuals whom the COUNTY knew or reasonably should have known had dangerous propensities for abusing their authority and for using excessive deadly force.

d. The use of excessive force by OCSD deputies against individuals suffering from a mental health crisis, when there are reasonable alternatives, including the deployment of Crisis Assessment Teams.

e. The COUNTY's inadequately supervising, training, controlling, assigning, and disciplining deputies, contributing to situations like that encountered on March 28, 2025, where lack of proper direction and control led to the escalation of a situation involving a mentally disabled individual and resulted in the use of deadly force and catastrophic injury.

f. The COUNTY's maintaining grossly inadequate procedures for reporting, supervising, investigating, reviewing, disciplining and controlling misconduct by County deputies, as demonstrated by the incident on March 28, 2025.

g. The COUNTY's failure to adequately discipline County deputies for categories of misconduct, including the use of deadly force against mentally disabled individuals without adequate warning or opportunity for the individual to comply.

h. The COUNTY's custom and practice of concluding that acts of excessive use of force are "within policy," including use of deadly force instances where lethal force was used against individuals in a mental health crisis who did not pose an immediate threat of death or serious bodily injury to any person.

i. Even when incidents of excessive force are brought to light, the COUNTY has refused to discipline, terminate, or retrain the deputies involved.

j. The COUNTY's custom and practice of accommodating or facilitating a "code of silence," pursuant to which sheriff's deputies do not report other deputies' errors, misconduct, or crimes.

k. The COUNTY's maintaining a policy of inaction and an attitude of indifference towards instances of excessive force by sheriff's deputies, especially against vulnerable populations such as individuals suffering from mental illness.

l. The COUNTY's custom and practice of providing inadequate training regarding handling situations with mentally ill persons and failing to provide adequate training in compliance with Welfare and Institutions Code §§ 5150 and 5158, as exemplified by the incident on March 28, 2025, where the deputies were ill-prepared to de-escalate a situation involving an individual known to be suffering from schizophrenia, leading to the use of deadly force and catastrophic injury.

m. The COUNTY's failure to implement adequate policies requiring the deployment of Crisis Assessment Teams or other mental health crisis intervention resources when responding to calls involving known mentally ill individuals, despite having such resources available and having deployed them on prior occasions involving Ms. Tranckino.

Defendants COUNTY, and Defendant DOE 1, together with various other COUNTY officials and final policymakers, had either actual or constructive knowledge of the unconstitutional policies, practices and customs alleged in the paragraphs above. The Defendants acted with deliberate indifference to the foreseeable effects and consequences of these customs and policies with respect to the constitutional rights of Ms. Tranckino and other individuals similarly situated.

By reason of the aforementioned acts and omissions, Plaintiff has suffered severe physical injuries, permanent paraplegia, pain and suffering, emotional distress, loss of enjoyment of life, and loss of earning capacity.

Accordingly, Defendant COUNTY is liable to Plaintiff for compensatory damages under 42 U.S.C. § 1983. Plaintiff also seeks attorney's fees and costs pursuant to 42 U.S.C. § 1988.

### FOURTH CLAIM FOR RELIEF

**Municipal Liability: Failure to Train (42 U.S.C. § 1983)**

(Plaintiff against COUNTY)

Plaintiff repeats and realleges each and every allegation in the foregoing paragraphs of this Complaint with the same force and effect as if fully set forth herein.

At all times herein mentioned, DOE 1 acted under color of law and the acts and omissions of DOE 1 deprived Ms. Tranckino of her constitutional rights under the United States Constitution. The training policies of Defendant COUNTY were not adequate to properly train OCSD deputies to handle the usual and recurring situations in their interactions with residents, including responding to calls involving mentally ill people, responding to calls and interacting with people who display symptoms of mental illness, and the proper use of deadly force.

The training policies of Defendant COUNTY were deficient in the following respects:

a. Defendant COUNTY failed to adequately train OCSD deputies, including DOE 1, in de-escalating interactions with residents or individuals experiencing a mental health crisis. Instead of de-escalation, DOE 1 escalated his interaction with Ms. Tranckino, who was known to be suffering from schizophrenia.

b. Defendant COUNTY failed to properly train OCSD deputies, including DOE 1, to manage their fear to prevent it from becoming unreasonable and not objectively justifiable. This lack of training led to the use of deadly force by DOE 1, causing catastrophic and permanent injuries to Ms. Tranckino.

c. Defendant COUNTY failed to properly train OCSD deputies, including DOE 1, in proper police tactics, such as situational awareness, to prevent the use of negligent tactics. Because of this lack of proper training, DOE 1 did not use proper police tactics in handling his contact and interaction with Ms. Tranckino, resulting in her permanent injuries.

d. Defendant COUNTY failed to properly train OCSD deputies, including DOE 1, on the importance of effective communication between officers prior to using any type of force.

e. Defendant COUNTY failed to adequately train its deputies on the proper deployment and utilization of Crisis Assessment Teams when interacting with known mentally ill individuals, despite the COUNTY having such resources available.

f. Defendant COUNTY failed to properly train its deputies, including DOE 1, in compliance with Welfare and Institutions Code §§ 5150 and 5158, and in the proper handling of encounters with individuals known to be mentally ill.

1    The failure of Defendant COUNTY to provide proper training to its

2  deputies resulted in the deprivation of Plaintiff's rights by DOE 1. Defendant

3  COUNTY's failure to train is so closely related to the deprivation of

4  Plaintiff's rights as to be the moving force that caused the ultimate injuries to

5  Plaintiff.

6    The training policies of the COUNTY were not adequate to train its

7  deputies to handle the usual and recurring situations they must deal with,

8  including situations involving persons suffering from a mental health crisis,

9  such as Ms. Tranckino. Defendant COUNTY was deliberately indifferent to

10  the obvious consequences of its failure to properly train its deputies.

11    By reason of the aforementioned acts and omissions of Defendant

12  COUNTY, Plaintiff has suffered severe physical injuries, permanent

13  paraplegia, pain and suffering, emotional distress, loss of enjoyment of life,

14  and loss of earning capacity.

15    Defendant COUNTY is liable to Plaintiff for compensatory damages

16  under 42 U.S.C. § 1983. Plaintiff also seeks reasonable attorney's fees

17  pursuant to 42 U.S.C. § 1988, costs, and interest.

18              **FIFTH CLAIM FOR RELIEF**

19        **Municipal Liability: Ratification (42 U.S.C. § 1983)**

20              (Plaintiff against COUNTY)

21    Plaintiff repeats and realleges each and every allegation in the

22  foregoing paragraphs of this Complaint with the same force and effect as if

23  fully set forth herein.

24    At all relevant times, Defendant DOE 1 acted under the color of state

25  law and within the course and scope of his employment with Defendant

26  COUNTY.

27

28

1    The acts of Defendant DOE 1 deprived Ms. Tranckino of her particular

2 rights under the United States Constitution, including when he shot Ms.

3 Tranckino without justification, causing her permanent injuries.

4    Upon information and belief, a final policymaker, acting under color of

5 law, has a history of ratifying the unconstitutional and unreasonable uses of

6 force, including deadly force.

7    Upon information and belief, a final policymaker for the Defendant

8 COUNTY, acting under color of law, who had final policymaking authority

9 concerning the acts of Defendant DOE 1 and the bases for them, ratified the

10 acts and omissions of Defendant DOE 1 and the bases for them. Upon

11 information and belief, the final policymaker knew of and specifically

12 approved of Defendant's acts, specifically approving DOE 1's use of deadly

13 force against Ms. Tranckino when she was not an immediate threat of death

14 or serious bodily injury.

15    The official policies with respect to the incident are that OCSD

16 Deputies are not to use deadly force against an individual unless the

17 individual poses an immediate risk of death or serious bodily injury to the

18 Deputies or others. DOE 1's actions deviated from these official policies

19 because Ms. Tranckino did not pose an immediate threat of death or serious

20 bodily injury to the involved Deputies or anyone else.

21    Upon information and belief, a final policymaker(s) has determined (or

22 will determine) that the acts of Defendant DOE 1 were "within policy."

23    On information and belief, DOE 1 was not disciplined, reprimanded,

24 retrained, suspended, or otherwise penalized in connection with this incident.

25    By reason of the aforementioned acts and omissions, Defendant

26 COUNTY is liable to Plaintiff for compensatory damages under 42 U.S.C. §

27 1983. Plaintiff also seeks reasonable attorney's fees and costs pursuant to 42

28 U.S.C. § 1988.

**SIXTH CLAIM FOR RELIEF**

**Americans with Disabilities Act (42 U.S.C. § 12132)**

(Plaintiff against COUNTY)

Plaintiff repeats and realleges each and every allegation in the foregoing paragraphs of this Complaint with the same force and effect as if fully set forth herein.

Ms. Tranckino was a "qualified individual" with a mental impairment, specifically schizophrenia, that substantially limited her ability to care for herself and control her mental health condition as defined under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12131(2).

The County of Orange is a covered entity for purposes of enforcement of the ADA, 42 U.S.C. § 12131(2), as explained by regulations under these laws.

Under the ADA, the COUNTY is mandated to develop effective procedures for interactions with individuals with mental disabilities and to ensure the protection of their personal and civil rights.

Congress enacted the ADA with the finding that individuals with disabilities have been isolated and segregated, constituting a form of discrimination that is a pervasive social problem. 42 U.S.C. § 12101(a)(2).

The COUNTY is mandated under the ADA not to discriminate against any qualified individual on the basis of disability in any services or facilities. 42 U.S.C. § 12182(a).

The COUNTY and DOE 1 violated the ADA by: (1) failing to properly train its deputies to respond and interact peacefully with individuals with mental impairments, such as Ms. Tranckino; (2) failing to follow procedures for de-escalation and non-lethal force in interactions with Ms. Tranckino, who was known to be suffering from schizophrenia; and (3) failing to deploy a Crisis Assessment Team to the scene despite having deployed CAT Teams

17

on prior occasions involving Ms. Tranckino, and despite knowing that she was schizophrenic and mentally disabled.

As a result of the acts and omissions of the Defendants, Ms. Tranckino suffered severe damages, including permanent paraplegia, pain and suffering, emotional distress, and loss of enjoyment of life.

Plaintiff seeks compensatory damages under this claim. Plaintiff also seeks reasonable attorney's fees and costs.

## SEVENTH CLAIM FOR RELIEF

### Battery

(Plaintiff against DOE 1 and COUNTY)

Plaintiff repeats and realleges each and every allegation in the foregoing paragraphs of this Complaint with the same force and effect as if fully set forth herein.

Defendant DOE 1 acted within the course and scope of his employment as a deputy for the Defendant COUNTY and OCSD and acted under color of state law.

Defendant DOE 1 intentionally shot Ms. Tranckino, resulting in severe and permanent injuries. DOE 1 had no legal justification for using deadly force against Ms. Tranckino, making the use of force unreasonable under the circumstances.

At all relevant times, Ms. Tranckino did not pose an immediate threat of death or serious bodily injury to anyone, including Defendant DOE 1. Ms. Tranckino had lowered the kitchen knife she had been holding and was walking back into her home with her back to the deputies when she was shot. No warning was given that deadly force would be used prior to its use, and less-than-lethal alternatives were available.

Defendant COUNTY is vicariously liable for the wrongful acts of Defendant DOE 1 pursuant to section 815.2 of the California Government

18

1  Code, which provides that a public entity is liable for injuries proximately
2  caused by an act or omission of an employee of the public entity.

3      The conduct of Defendant DOE 1 was malicious, wanton, oppressive,
4  and accomplished with a conscious disregard for the rights of Ms. Tranckino,
5  entitling Plaintiff to an award of exemplary and punitive damages.

6      Plaintiff seeks compensatory and punitive damages under this claim,
7  including past and future medical expenses, past and future pain and
8  suffering, emotional distress, disfigurement, loss of enjoyment of life, and
9  loss of earning capacity.

10              **EIGHTH CLAIM FOR RELIEF**
11                     **Negligence**
12            (Plaintiff against all Defendants)

13      Plaintiff repeats and realleges each and every allegation in the
14  foregoing paragraphs of this Complaint with the same force and effect as if
15  fully set forth herein.

16      Defendant DOE 1 acted within the course and scope of his employment
17  as a deputy for the Defendant COUNTY and OCSD and acted under color of
18  state law.

19      Police officers, including Defendant DOE 1, have a duty to use
20  reasonable care to prevent harm and injury to others. This duty includes using
21  appropriate tactics, giving appropriate commands, using de-escalation
22  techniques, summoning crisis intervention resources when available and
23  appropriate, and only using force as a last resort, especially when dealing
24  with individuals known to suffer from mental illness. Defendant DOE 1 also
25  has a responsibility to provide timely medical care to individuals he has
26  harmed.

27
28

LAW OFFICES OF
**DALE K. GALIPO**
CIVIL RIGHTS ATTORNEYS

Defendant DOE 1 breached this duty of care. The actions and inactions of Defendant DOE 1 were negligent and reckless, including but not limited to:

a. Shooting Ms. Tranckino multiple times as she was walking back into her home, posing no imminent threat;

b. Failing to deploy or request the deployment of a Crisis Assessment Team despite knowing that Ms. Tranckino was schizophrenic and that CAT Teams had been deployed on prior occasions;

c. Failing to adequately identify himself and other officers as law enforcement, causing Ms. Tranckino to fear she was being confronted by intruders;

d. Failing to use de-escalation techniques appropriate for an individual suffering from schizophrenia;

e. Failing to give Ms. Tranckino a warning that deadly force would be used;

f. Failing to give Ms. Tranckino a reasonable opportunity to comply with commands before using deadly force;

g. Failing to use less-lethal alternatives that were available;

h. Failing to provide or summon timely medical care after the shooting.

As a direct and proximate result of the conduct of Defendant DOE 1, Ms. Tranckino suffered severe physical and mental pain, permanent paraplegia, and loss of earning capacity.

At all relevant times, Ms. Tranckino was not an immediate threat of death or serious bodily injury to anyone, was walking away from deputies, and was not given any warning that deadly force would be used.

1  Defendant COUNTY is vicariously liable for the wrongful acts of
2  Defendant DOE 1 pursuant to section 815.2(a) of the California Government
3  Code.

4  Plaintiff seeks compensatory damages under this claim, including past
5  and future medical expenses, past and future pain and suffering, emotional
6  distress, loss of enjoyment of life, and loss of earning capacity.

7  **NINTH CLAIM FOR RELIEF**

8  **Violation of Cal. Civil Code § 52.1**

9  (Plaintiff against DOE 1 and COUNTY)

10  Plaintiff repeats and realleges each and every allegation in the
11  foregoing paragraphs of this Complaint with the same force and effect as if
12  fully set forth herein.

13  Defendant DOE 1 acted within the course and scope of his employment
14  as a deputy for the Defendant COUNTY and OCSD and acted under color of
15  state law.

16  The Bane Act, the California Constitution, and California common law
17  prohibit the use of excessive force by law enforcement. California Civil
18  Code, Section 52.1(b) authorizes a private right of action for such claims.

19  On information and belief, Defendant DOE 1, while working for the
20  COUNTY and acting within the course and scope of his duties, intentionally
21  committed and attempted to commit acts of violence against Ms. Tranckino,
22  including by using excessive force against her without justification or excuse.

23  When DOE 1 unnecessarily shot Ms. Tranckino, he interfered with her
24  civil rights to be free from unreasonable searches and seizures, due process,
25  equal protection of the laws, medical care, and life, liberty, and property.
26  DOE 1 intentionally used deadly force, demonstrating a reckless disregard for
27  Ms. Tranckino's right to be free from excessive force.

28

1    On information and belief, Defendant DOE 1 intentionally and

2    spitefully committed the above acts to discourage Ms. Tranckino from

3    exercising her civil rights.

4    On information and belief, Ms. Tranckino reasonably believed that the

5    violent acts committed by Defendant were intended to discourage her from

6    exercising her civil rights.

7    Defendant DOE 1 successfully interfered with the civil rights of Ms.

8    Tranckino.

9    Ms. Tranckino was caused to suffer severe pain and suffering,

10   permanent paraplegia, loss of enjoyment of life, and loss of earning capacity.

11   The conduct of Defendant was a substantial factor in causing the harm,

12   losses, injuries, and damages of Ms. Tranckino.

13   Defendant COUNTY is vicariously liable for the wrongful acts of

14   Defendant DOE 1 under California law and section 815.2(a) of the California

15   Government Code.

16   The conduct of Defendant DOE 1 was malicious, wanton, oppressive,

17   and accomplished with a conscious disregard for the rights of Ms. Tranckino.

18   Plaintiff is thus entitled to an award of exemplary and punitive damages.

19   Plaintiff also seeks compensatory damages, costs, and attorney's fees

20   under this claim.

21   **PRAYER FOR RELIEF**

22   WHEREFORE, Plaintiff BRITANY ELISE TRANCKINO, by and through

23   her Guardian ad Litem, TRACY COLE, requests entry of judgment in her favor

24   against Defendants COUNTY OF ORANGE and DOE 1, as follows:

25   1.    For compensatory damages according to proof at trial, including past

26   and future medical expenses, past and future pain and suffering, emotional distress,

27   disfigurement, loss of enjoyment of life, loss of earning capacity, and loss of

28   income;

LAW OFFICES OF
DALE K. GALIPO
CIVIL RIGHTS ATTORNEYS

2.     For punitive and exemplary damages against Defendant DOE 1 in an amount to be proven at trial;

3.     For statutory damages;

4.     For reasonable attorney's fees including litigation expenses, pursuant to 42 U.S.C. § 1988 and applicable state law;

5.     For costs of suit and interest incurred; and

6.     For such other and further relief as the Court may deem just, proper, and appropriate.

DATED: March 4, 2026       **LAW OFFICES OF DALE K. GALIPO**

/s/    *Cooper Alison-Mayne*
Dale K. Galipo
Cooper Alison-Mayne
*Attorneys for Plaintiff*

23

1

## **DEMAND FOR JURY TRIAL**

2      Plaintiff hereby submits this demand that this action be tried in front of a jury.

3

4    DATED: March 4, 2026        **LAW OFFICES OF DALE K. GALIPO**

5

6                                    /s/     *Cooper Alison-Mayne*

7                                    Dale K. Galipo

8                                    Cooper Alison-Mayne
                                     *Attorneys for Plaintiff*

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

24