Shannon L. Gustafson (SBN 228856)
sgustafson@lynberg.com
Amy R. Margolies (SBN 283471)
amargolies@lynberg.com
Ayako W. Peters (SBN 312156)
apeters@lynberg.com
**LYNBERG & WATKINS**
A Professional Corporation
1100 W, Town & Country Road, Suite 1450
Orange, California 92868
(714) 937-1010 Telephone
(714) 937-1003 Facsimile

Attorneys for Defendant COUNTY OF ORANGE

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRITANY TRANCKINO, by and through her Guardian ad Litem, TRACY COLE, <br><br> Plaintiff, <br><br> vs. <br><br> COUNTY OF ORANGE, and DOE 1, <br><br> Defendants. | Case No.: 8:26-cv-00509-JWH-JDE <br><br> *Assigned for All Purposes to:* <br> *Hon. John W. Holcomb* <br> *Magistrate Judge: John D, Early* <br><br> **DEFENDANT COUNTY OF ORANGE'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES** <br><br> Date:       May 22, 2026 <br> Time:       9:00 a.m. <br> Courtroom:   9D <br><br> *Complaint Filed: March 4, 2026* |

///

///

///

///

///

///

///

1

**DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

# TABLE OF CONTENTS

I.    PRELIMINARY STATEMENT................................................................................10

II.   PLAINTIFF'S THIRD, FOURTH, AND FIFTH CLAIMS FOR *MONELL* LIABILITY MUST BE DISMISSED..............................................11

    A.    Plaintiff's Third Claim – *Monell* for Unconstitutional Custom or Policy (42 U.S.C. § 1983) Fails ...........................................................12

        1.    Plaintiff Has Not Pled Facts Sufficient to Establish An Unconstitutional Policy ...........................................................12

        2.    Plaintiff Has Not Pled Facts Sufficient to Establish Existence of An Unconstitutional Custom or Practice..............14

    B.    Plaintiff's Fourth Claim – *Monell* for Failure to Train (42 U.S.C. § 1983) Is Insufficiently Pled..............................................................16

    C.    Plaintiff's Fifth Claim for Ratification (42 U.S.C. § 1983) Is Insufficiently Pled .................................................................................18

III.  PLAINTIFF'S SIXTH CLAIM FOR VIOLATION OF AMERICANS WITH DISABILITIES ACT MUST BE DISMISSED ..................................21

    A.    Plaintiff Has Not Pled Facts Sufficient to Establish That Plaintiff Was Excluded From or Denied Any Services, Program, or Activity.................................................................................................21

    B.    Plaintiff Has Not Pled Facts Sufficient to Establish That Plaintiff Was Discriminated By Reason of Her Disability ...............................23

    C.    Plaintiff's Attempt to Reframe A "Use-Of-Force" Claim As A "Failure To Accommodate" Claim Fails ............................................25

    D.    Defendant Is Not Obligated Under ADA to Provide Reasonable Accommodations Under the Circumstances.......................................26

IV.   CONCLUSION ....................................................................................................26

**DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

## <u>TABLE OF AUTHORITIES</u>

<u>Page(s)</u>

<u>Cases</u>

*A. B. et al v. City of Santa Ana et al,*
2019 WL 1578380...........................................................................................15

*A.E. ex rel. Hernandez v. Cty. of Tulare*,
666 F.3d 631 (9th Cir. 2012)........................................................................11

*A.G. v. Paradise Valley Unified Sch. Dist. No. 69*,
815 F.3d 1195 (9th Cir. 2016)......................................................................23

*Arreola v. California Dep't of Corr. & Rehab.*,
2017 WL 1196802 (N.D. Cal. 2017)............................................................24

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009) ..........................................................................11, 12, 25

*Barbosa v. Shasta Cty.*,
2021 WL 1634446 (E.D. Cal. Apr. 26, 2021)..............................................19

*Bell Atlantic Corp. v. Twombly*,
550 US 544 (2007) ...........................................................................11, 13, 25

*Bennett v. Hurley* Medical Center,
86 F.4th 314 (6th Cir.2023)..........................................................................23

*Brady v. Maryland*,
373 U.S. 83 (1963) .......................................................................................16

*Bresaz v. Cty. of Santa Clara*,
136 F.Supp.3d 1125 (N.D. Cal. 2015) ...................................................21, 26

*Brown v. Cnty. of San Bernardino*,
2021 WL 99722 (C.D. Cal. Jan. 8, 2021) ...................................................16

*Bryant v. Madigan*,
84 F.3d 246 (7th Cir. 1996)..........................................................................23

*Case v. Kitsap County Sheriff's Dep't*,
249 F.3d 921 (9th Cir. 2001)........................................................................17

**DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

*Castro v. County of Los Angeles*,
  833 F.3d 1030 (9th Cir. 2016)................................................................................18

*Christie v. Lopa*,
  176 F.3d 1231 (9th Cir. 1999)................................................................................18

*City of Canton v. Harris*,
  489 U.S. 378 (1989) ........................................................................................16, 24

*City of St. Louis v. Praprotnik*,
  485 U.S. 112 (1988) ........................................................................................14, 18

*Clouthier v. Cnty. of Contra Costa*,
  591 F.3d 1232 (9th Cir. 2010)................................................................................18

*Connick v. Thomspon*,
  563 U.S. 51 (2011) ..........................................................................................16, 17

*Dasovich v. Contra Costa Cnty. Sheriff Dep't.*,
  2014 WL 4652118 (N.D. Cal. Sept. 17, 2014) .................................................19, 20

*Davis v. City of San Jose*,
  2014 WL 2859189 (N.D. Cal. 2014)......................................................................11, 15

*Davis v. Ellensburg,*
  869 F.2d 1230 (9th Cir. 1989)................................................................................15

*DeClue v. County of Alameda*,
  2020 WL 6381356 (N.D. Cal. Oct. 30, 2020).......................................................13

*Doughtery v. City of Covina*,
  654 F.3d 892 (9th Cir. 2011)..................................................................................17

*Duvall v. County of Kitsap*,
  260 F.3d 1124 (9th Cir. 2001)...........................................................................23, 24

*Farris v. Culp*,
  645 F. Supp. 3d 1058 (E.D. Wash. 2022) ........................................................13, 14

*Ferguson v. City of Phoenix*,
  157 F.3d at 675 (9th Cir. 1998)..............................................................................24

*Flores v. County of Los Angeles*,
  758 F.3d 1154 (9th Cir. 2014)................................................................................17

**4**

**DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

*French v. City of L.A.*,
2020 WL 6064968 (C.D. Cal. July 9, 2020) ............................................................20

*Galen v. County of L.A.*,
477 F.3d 652 (9th Cir. 2007) ..................................................................................14

*Gillette v. Delmore*,
979 F.2d 1342 (9th Cir. 1992) ................................................................................18

*Gravelet-Blondin v. Shelton*,
728 F.3d 1086 (9th Cir. 2013) ................................................................................14

*Herd v. County of San Bernardino*,
311 F. Supp. 3d 1157 (C.D. Cal. 2018) ..................................................................16

*Hill v. Fairfield Police Dep't.*,
2016 WL 2602411 (E.D. Cal. May 5, 2016) ............................................................20

*Hyde v. City of Willcox*,
23 F.4th 863 (9th Cir. 2022) ..................................................................................17

*Hyun Ju Park v. City and Cnty. of Honolulu*,
952 F.3d 1136 (9th Cir. 2020) ................................................................................13

*In re Gilead Scis. Sec. Litig.*,
536 F.3d 1049 (9th Cir. 2008) ..........................................................................11, 13

*Lassiter v. City of Bremerton*,
556 F.3d 1049 (9th Cir. 2009) ................................................................................18

*Leibel v. City of Buckeye*,
364 F. Supp. 3d 1027 (D. Ariz. 2019) ....................................................................21

*Lovell v. Chandler*,
303 F.3d 1039 (9th Cir. 2002) ................................................................................22

*Lowrie v. Cnty. of Riverside*,
2021 WL 470611 (C.D. Cal. July 19, 2021) ............................................................13

*Lytle v. Carl*,
382 F.3d 978 (9th Cir. 2004) ..................................................................................19

*Maldonado v. County of Orange*,
2019 WL 6139937 (C.D. Cal. 2019) ..................................................................13, 16

**5**

**DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

*Mark H. v. Lemahieu*,
 513 F.3d 922 (9th Cir. 2008)..................................................................................23

*Marsh v. County of San Diego*,
 680 F.3d 1148 (9th Cir. 2012)................................................................................17

*Meehan v. Los Angeles County*,
 856 F.2d 102 (9th Cir. 1988)..................................................................................15

*Moore v. County of Orange*,
 2017 WL 10518114 (C.D. Cal. 2017)...............................................................11, 13

*O'Doan v. Sanford*,
 991 F.3d 1027 (9th Cir. 2021)................................................................................25

*Packnett v. Alvarez*,
 2015 WL 4186168 (N.D. Cal. 2015).......................................................................22

*Peterson v. City of Fort Worth*,
 588 F.3d 838 (5th Cir. 2009)............................................................................19, 20

*Segura v. City of La Mesa*,
 647 F. Supp. 3d 926 ...............................................................................................19

*Sheehan v. City & Cnty. of San Francisco*,
 741 F.3d 1211 (9th Cir. 2014) rev'd on other grounds, *San Francisco v. Sheehan*,
 135 S.Ct. 1765 (2015) ...........................................................................18, 21, 22, 25

*Simmons v. Navajo Cty., Ariz.*,
 609 F.3d 1011 (9th Cir. 2010)................................................................................23

*Sloman v. City of Simi Valley*,
 21 F.3d 1462 (9th Cir. 1994)..................................................................................14

*Sommers v. City of Santa Clara*,
 516 F. Supp. 3d 967 (N.D. Cal. 2021) ...................................................................26

*Starr v. Baca*,
 652 F.3d 1202 (9th Cir. 2011)................................................................................12

*Thompson v. City of Los Angeles*,
 885 F.2d 1439 (9th Cir. 1989)................................................................................14

**6**
**DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

*Thurston v. City of Vallejo*,
2021 WL 1839717 (E.D. Cal. May 6, 2021)..............................................................19

*Trevino v. Gates*,
99 F.3d 911 (9th Cir. 1996)................................................................14, 15, 18

*Villery v. California Dep't of Corr. & Rehab.*,
2015 WL 4112324 (E.D. Cal. 2015) ..........................................................22

*Weinreich v. L.A. Cnty. Metro. Transp.,Autho.*,
114 F.3d 976 (9th Cir. 1997) ....................................................................21

*Wilkey v. County of Orange*,
2017 WL 11447980 (C.D. Cal. 2017)..........................................................11

*Wilkey v. County of Orange,*
295 F.Supp.3d 1086 (C.D. Cal. 2017)..........................................................22

## Statutes

42 U.S.C. § 1983..............................................................................passim

42 U.S.C. § 12132.........................................................................21, 26

## Rules

Fed. R. Civ. P. Rule 12 ....................................................................11

Fed. R. Civ. P. Rules 12(b)(6) ..........................................................passim

Fed. R. Civ. P. Rules 8, 12(b)(6) ......................................................18

**DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS
PLAINTIFF'S COMPLAINT**

**TO ALL PARTIES AND THEIR RESPECTIVE ATTORNEYS OR RECORD:**

**PLEASE TAKE NOTICE** that on May 22, 2026, at 9:00 a.m. or as soon thereafter as the matter may be heard in Courtroom 9D of the above-entitled Court, located at 411 West 4th Street, Santa Ana, CA 92701, Defendants COUNTY OF ORANGE ("Defendant") will, and hereby do, move this Court for an order dismissing Plaintiff BRITANY TRANCKINO, by and through her Guardian ad Litem, TRACY COLE's ("Plaintiff") Complaint (Dkt. 1) against them pursuant to Fed. R. Civ. P. Rules 12(b)(6).

Defendant brings this Motion on each of the following grounds:

1. Plaintiff' Third Claim for Relief for *Monell* – Unconstitutional Custom or Policy (42 U.S.C. § 1983) against the County of Orange fails to state a claim upon which relief may be granted. *See* Fed. R. Civ. P. 12(b)(6).

2. Plaintiff's Fourth Claim for Relief for *Monell* – Failure to Train (42 U.S.C. § 1983) against the County of Orange fails to state a claim upon which relief may be granted. *See* Fed. R. Civ. P. 12(b)(6).

3. Plaintiffs' Fifth Claim for Relief for *Monell* – Ratification (42 U.S.C. § 1983) against the County of Orange fails to state a claim upon which relief may be granted. *See* Fed. R. Civ. P. 12(b)(6).

4. Plaintiffs' Sixth Claim for Relief for Americans with Disabilities Act against the County of Orange fails to state a claim upon which relief may be granted. *See* Fed. R. Civ. P. 12(b)(6).

Defendant's Motion is based on this Notice, the Memorandum of Points and Authorities, Plaintiff's Complaint, and upon such other and further matters as may properly come before the Court.

Pursuant to Local Rule 7-3, Defendant timely met and conferred with Plaintiff regarding the issues raised in this Motion. On April 6, 2026, Defendant provided Plaintiff with a detailed meet-and-confer letter outlining the deficiencies addressed

**DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

herein. On April 7, 2026, Defense counsel and Plaintiff's counsel continued meet and confer efforts by teleconference; however, the parties were unable to resolve their differences necessitating this Motion.

DATED: April 20, 2026

LYNBERG & WATKINS
A Professional Corporation

By: */s/ Amy R. Margolies*
SHANNON L. GUSTAFSON
AMY R. MARGOLIES
AYAKO W. PETERS
Attorneys for Defendant
COUNTY OF ORANGE

DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.   PRELIMINARY STATEMENT

Plaintiff, Britany Tranckino, by and through her Guardian ad Litem, Tracy Cole, (hereinafter "Plaintiff"), alleges that on March 28, 2025, deputies from the Orange County Sheriff's Department ("OCSD") responded to a call at Plaintiff's residence; Plaintiff alleges Defendants were aware that she suffered schizophrenia and was mentally disabled. (Complaint, 5:10-22.) Plaintiff further alleges that, on prior occasions when OCSD responded, they deployed a Crisis Assessment Team ("CAT"), a specialized team trained to interact with individuals experiencing mental health crises, but that no such team was deployed on March 28, 2025. (Complaint, 5:20-28.)

According to the Complaint, a deputy responded to Plaintiff's residence and knocked on her door; Plaintiff alleges that fearing an "intruder," she exited her residence holding a "kitchen knife" and turned to reenter her apartment, at which point Defendant DOE 1 discharged his firearm multiple times, causing Plaintiff to sustain serious injuries. (Complaint, 6:4-22, 7:11-20.)

Based on these allegations, Plaintiff asserts multiple *Monell* claims against the County of Orange ("Defendant") alleging, without sufficient factual support, the existence of unconstitutional policies and custom, failure to train, and ratification of unnamed deputies' alleged conduct. (Complaint, 10:11-16:28.) These claims are pleaded in a conclusory manner and fail to meet the applicable pleading standards.

Plaintiff also asserts a claim under the Americans with Disability Act, again relying on conclusory allegations without factual support. (Complaint, 17:1-18:7.)

For these reasons, and as set forth more fully below, Defendant County of Orange, respectfully requests that the Court dismiss Plaintiff's Complaint in its entirety pursuant to Federal Rule of Civil Procedure 12(b)(6).

///

///

**10**

**DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

## II.    PLAINTIFF'S THIRD, FOURTH, AND FIFTH CLAIMS FOR *MONELL* LIABILITY MUST BE DISMISSED

Plaintiff's Third Claim for Relief attempts to assert a claim for *Monell* liability under an unconstitutional custom or policy theory, Plaintiff's Fourth Claim for Relief attempts to assert a claim for *Monell* liability under a failure to train theory, and Plaintiff's Fifth Claim for Relief attempts to assert a claim for *Monell* liability under a ratification theory. However, none of these claims are sufficiently pled and should therefore be dismissed with prejudice given Plaintiff is unable to properly allege this claim under any theory.

A plaintiff cannot "plead facts that are merely consistent with a defendant's liability," as "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *see Bell Atlantic Corp. v. Twombly*, 550 US 544 at 545 (2007); *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008) (when evaluating the merit of a Rule 12(b)(6) Motion to Dismiss, the court need not accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences.").

These settled pleading rules apply to "Municipal Liability" claims like Plaintiff's. *See A.E. ex rel. Hernandez v. Cty. of Tulare*, 666 F.3d 631, 637 (9th Cir. 2012) (noting that pleading standards announced in *Iqbal* and *Twombly* "appl[y] to *Monell* claims and should govern future pleadings in this case"); *see also Moore v. County of Orange*, 2017 WL 10518114, at *3 (C.D. Cal. 2017) (citing rule); *Wilkey v. County of Orange*, 2017 WL 11447980, at *3 (C.D. Cal. 2017) (dismissing *Monell* claim with prejudice where "custom and policy" allegations amounted to "rote recitation of the elements of a *Monell* claim for Section 1983 liability against a municipality . . . "); *Davis v. City of San Jose*, 2014 WL 2859189, at *13 (N.D. Cal. 2014) (granting Rule 12 motion to dismiss *Monell* claims as being "entirely conclusory" and "nothing more than a simple recitation of the elements of a *Monell*

**DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

claim.  As such, Plaintiff's allegations are not entitled to a presumption of truth."). "[T]o be entitled to the presumption of truth, allegations in a complaint or counterclaim may not simply recite the elements of a cause of action, but . . . contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively.  Second, the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation."  *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011).

### A.   Plaintiff's Third Claim – *Monell* for Unconstitutional Custom or Policy (42 U.S.C. § 1983) Fails

The allegations in Plaintiff's Third Claim for unconstitutional custom or policy are wholly conclusory and lack sufficient facts to establish a particular policy or custom actually existed, let alone that it caused the constitutional violation claimed here.

### 1.   Plaintiff Has Not Pled Facts Sufficient to Establish An Unconstitutional Policy

Plaintiff's Third Claim for Relief is based upon a theory that there was an unconstitutional custom, practices, and polices by setting forth an (a)-(m) laundry list of County's "customs, practices, and policies" such as the use of "excessive force", "failure to provide adequate training and supervising", and "failure to adequately discipline", etc. (Complaint, 11:1-12:27.) However, these fact-bare allegations set forth in (a)-(m) are then followed by mere a couple of paragraphs of conclusory legal jargon, which never identify the policy that is at issue here or more importantly how it *caused* a violation of Plaintiff's civil rights on the date of the incident. (Complaint, 13:1-7.) Even a cursory review of the allegation shows that this cause of action lacks sufficient *facts* to show that any specific policy was enacted by the County of Orange. Plaintiff cannot "plead facts that are merely consistent with a defendant's liability," as "threadbare recitals of the elements of a

**12**
**DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

cause of action, supported by mere conclusory statements do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *see*, *Twombly*, 550 U.S. 555 ("[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.") (internal citations omitted); *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008) (when evaluating the merit of a Rule 12(b)(6) Motion to Dismiss, the court need not accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences.").

Plaintiff, however, failed to provide any support as to how her allegations constitute formal government policy and how they are so facially deficient as to qualify as deliberate indifference. *See Hyun Ju Park v. City and Cnty. of Honolulu*, 952 F.3d 1136, 1141 (9th Cir. 2020); *Farris v. Culp*, 645 F. Supp. 3d 1058, 1072 (E.D. Wash. 2022). Specifically, Plaintiff **never identifies a single policy** from the Sheriff's Department that has been adopted that was unconstitutional. *Maldonado v. County of Orange*, 2019 WL 6139937, at *2 (C.D. Cal. 2019) (dismissing Monell claim based on "policy and custom" where "[t]he Complaint contains only sweeping allegations that the County's policies . . . generally empower excessive force, but 'Plaintiff[ ] fail[s] to allege any facts showing that any of these claimed policies or customs actually exist,' much less how they caused the specific use of force at issue here"); *Moore v. City of Orange*, 2017 WL 10518114, at *3-4 (C.D. Cal. 2017) (finding that "speculative list of various customs, policies, and practices that allegedly violated" constitutional rights without allegations of underlying facts "failed to meet the Monell pleading standard"); *see e.g. Lowrie v. Cnty. of Riverside*, 2021 WL 470611, at *3 (C.D. Cal. July 19, 2021) (allegations of "a policy permitting deputies to restrain individuals in a manner that would cause asphyxiation" was "conclusory, devoid of specific facts or an explanation of the content of the specific alleged policies."); *DeClue v. County of Alameda*, 2020 WL 6381356, *7 (N.D. Cal. Oct. 30, 2020) (Court found allegation that County of

**13**

**DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

Alameda has a policy of using undue influence, coercion and/or duress to cause Plaintiff to enter into agreements to be conclusory).  Instead, the municipality must have a "'***deliberate*** policy, custom, or practice that was the 'moving force' behind the constitutional violation he suffered.'"  *Gravelet-Blondin v. Shelton*, 728 F.3d 1086, 1096 (9th Cir. 2013) quoting *Galen v. County of L.A.*, 477 F.3d 652, 667 (9th Cir. 2007).

Accordingly, Plaintiff has not pled any facts to support the existence of an unlawful policy.

## 2. Plaintiff Has Not Pled Facts Sufficient to Establish Existence of An Unconstitutional Custom or Practice

"Absent a formal governmental policy, a plaintiff must show a 'longstanding practice or custom which constitutes the standard operating procedure of the local governmental entity.'"  *Farris v. Culp*, 645 F. Supp. 3d at 1072 quoting *Trevino v. Gates*, 99 F.3d 911, 918 (9th Cir. 1996).  A custom is "a widespread practice that, although not authorized by written law or express municipal policy, is so permanent and well settled as to constitute a custom or usage with the force of law." *City of St. Louis v. Praprotnik*, 485 U.S. 112, 127 (1988) (quotation marks omitted).  It is well settled that allegations regarding an ***isolated incident*** are insufficient to support Plaintiff's purported Monell claim.  *See*, *Thompson v. City of Los Angeles*, 885 F.2d 1439, 1443 (9th Cir. 1989), overruled on other grounds by *Bull v. City & County of San Francisco*, 595 F.3d 964, 981 (9th Cir. 2010) ("[P]roof of random acts or isolated events are insufficient to establish custom."); *Trevino v. Gates*, 99 F.3d 911, 918 (9th Cir. 1996) ("Liability for improper custom may not be predicated on isolated or sporadic incidents; it must be founded upon practices of sufficient duration, frequency and consistency that the conduct has become a traditional method of carrying out policy.").

Indeed, municipal liability claims must be supported by a record of numerous, ***similar incidents.***  *Sloman v. City of Simi Valley,* 21 F.3d 1462, 1470

**DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

(9th Cir. 1994) ("Individual action like [the defendant officer's] does not rise to the level of the 'well-settled', 'widespread' practices contemplated in the cases discussing municipal liability"; jury verdict against city defendant for one employee officer's "habitual" conduct overturned as error); *Meehan v. Los Angeles County*, 856 F.2d 102 (9th Cir. 1988) (two incidents not sufficient to establish actionable *Monell* custom); *Davis v. Ellensburg,* 869 F.2d 1230 (9th Cir. 1989) (manner of one arrest insufficient to establish wrongful *Monell* policy); *Davis, supra,* 2014 WL 2859189, at *10 (dismissing *Monell* claims and noting plaintiffs allegations contained "no facts…concerning a pattern of *repeated* violations that would give the City fair notice to enable it to defend itself properly. [Citation].") (emphasis original); *A. B. et al v. City of Santa Ana et al,* 2019 WL 1578380, at *4 ("In the FAC, Plaintiffs allege that Defendants were acting pursuant to customs, policies, usages and practices of City and the City of Santa Ana Police Department, that Defendants violated Plaintiffs' rights as a result of those policies, and that Plaintiffs were injured as a result.") For the reasons stated below, Plaintiff has failed to pled sufficient facts of the same.

Plaintiff's assertion that the deprivation of her constitutional right was carried out in accordance with Defendant County's "widespread and longstanding practices or customs" is nothing more than mere speculation. (Complaint, 10:18-27.) As is well established, "[l]iability for improper custom may not be predicated on isolated or sporadic incidents; it must be founded upon practices of **sufficient duration, frequency and consistency** that the conduct has become a traditional method of carrying out policy*." Trevino v. Gates*, 99 F.3d 911, 918 (9th Cir. 1996).

Overall, Plaintiff has not set forth facts that support the existence of multiple similar incidents of misconduct that ***caused*** the constitutional violation alleged here, as required to support a *Monell* claim under this theory. Thus, Plaintiff's purported *Monell* claim should be dismissed. *See*, Fed. R. Civ. P. 12(b)(6).

**DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

**B.     Plaintiff's Fourth Claim – *Monell* for Failure to Train (42 U.S.C. § 1983) Is Insufficiently Pled**

Plaintiff's Fourth Claim for failure to training asserts nothing more than conclusory allegations. Failure to train may constitute a basis for *Monell* liability only where the failure amounts to "deliberate indifference" such that "the need for more or different training is so obvious, and the inadequacy so likely to result in the violation of constitutional rights, that the policymakers of the city can reasonably be said to have been deliberately indifferent to the need." *City of Canton v. Harris*, 489 U.S. 378, 387, 390 (1989).  "In limited circumstances, a local government's decision not to train certain employees about their legal duty to avoid violating citizens' rights may rise to the level of an official government policy for purposes of § 1983." *Connick v. Thomspon*, 563 U.S. 51 (2011) at 61 (holding that county's failure to train prosecutors regarding *Brady v. Maryland*, 373 U.S. 83 (1963), did not constitute obvious deficiency because attorneys had attended law school and were charged with knowing the law)

Plaintiff's allegations regarding deficiencies in Defendant's training policy, listed as (a)-(f), amount to nothing more than a fact-stripping presumption that Defendant failed to provide adequate training. Plaintiff has not presented any specific facts as to how, when, or why the Defendant's training was allegedly deficient or how it led to the damage here. *See Herd v. County of San Bernardino*, 311 F. Supp. 3d 1157, 1168-1169 (C.D. Cal. 2018) (dismissing "failure to train" claim where plaintiffs provided "no facts regarding the training the officers received" and did "not explain why the training was inadequate); *Brown v. Cnty. of San Bernardino*, 2021 WL 99722, at *6 (C.D. Cal. Jan. 8, 2021) ("Plaintiff provides few if any facts explaining why that training was inadequate, nor does she sufficiently support her conclusory assertion that the . . . County acted with deliberate indifference."); *Maldonado*, 2019 WL 6139937, at *2 (dismissing "failure

**DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

to train" claim where "Plaintiff's conclusory allegations regarding the County's allegedly insufficient training are bereft of any factual support.").

Further, "[a] pattern of similar constitutional violations by untrained employees is 'ordinarily necessary' to demonstrate deliberate indifference for purposes of failure to train." *Connick*, 563 U.S. at 62; *see also*, *Hyde v. City of Willcox*, 23 F.4th 863, 874-75 (9th Cir. 2022) (holding that "[w]hile deliberate indifference can be inferred from a single incident when the unconstitutional consequences of failing to train are patently obvious, an inadequate training policy itself cannot be inferred from a single incident.") (quotation marks and citation omitted); *Flores v. County of Los Angeles*, 758 F.3d 1154, 1159-60 (9th Cir. 2014) (holding that, absent pattern of sexual assaults by deputies, alleged failure to train officers not to commit sexual assault did not constitute deliberate indifference); *Marsh v. County of San Diego*, 680 F.3d 1148, 1159 (9th Cir. 2012) (holding that practice must be "widespread" and proof of single inadequately-trained employee was insufficient); *Doughtery v. City of Covina*, 654 F.3d 892, 900 (9th Cir. 2011) ("Mere negligence in training or supervision . . . does not give rise to a *Monell* claim."); *Case v. Kitsap County Sheriff's Dep't*, 249 F.3d 921, 931-932 (9th Cir. 2001) ("Although inadequacy of police training may serve as the basis for municipal liability in certain circumstances, the evidence presented by [plaintiff] does not support such a claim, nor can liability be predicated on the isolated sporadic events in this case.").

Again, Plaintiff asserts nothing more than conclusory allegations that the County failed to train its deputies to "handle the usual and recurring situations …and the proper use of deadly force." (Complaint, 13:22-27.) Plaintiff offers ***no other allegations concerning a pattern of similar constitutional violations*** by untrained employees nor any other support for asserting such an allegation that the training is so patently obvious that a failure to train can be inferred from the sole incident concerning Plaintiff.

**17**
**DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

Accordingly, Plaintiff's purported Fourth Claim is appropriately subject to a Motion to Dismiss. *See*, Fed. R. Civ. P. 12(b)(6).

### C.  **Plaintiff's Fifth Claim for Ratification (42 U.S.C. § 1983) Is Insufficiently Pled**

The allegations in Plaintiff's Fifth Claim for Ratification are a far cry from that which is required. The Ninth Circuit has held that ratification liability may attach when a final policymaker ratifies a subordinate's unconstitutional action and the basis for it. *Christie v. Lopa*, 176 F.3d 1231, 1239 (9th Cir. 1999) citing *City of St. Louis v. Praprotnik*, 485 U.S. 112, 127 (1988). This occurs when the official policymaker involved has adopted and expressly approved of the acts of others who caused the constitutional violation. *Trevino v. Gates*, 99 F.3d 911, 920 (9th Cir. 1996). There must be evidence that the policymaker "made a deliberate choice to endorse" the subordinate employee's actions. *Gillette v. Delmore*, 979 F.2d 1342, 1348 (9th Cir. 1992). It is axiomatic that the allegations of a complaint must set forth facts from which the Court (and Defendant) might plausibly infer that ratification occurred. *See*, Fed. R. Civ. P. 8, 12(b)(6). That is to say, facts must be alleged about what official policymaker(s) involved adopted or otherwise approved of the acts that caused Plaintiff's constitutional rights to be impaired.

Ratification generally requires more than acquiescence. *Sheehan v. City & Cnty. of San Francisco*, 741 F.3d 1211, 1231 (9th Cir. 2014), rev'd on other grounds, *San Francisco v. Sheehan*, 135 S.Ct. 1765 (2015). A mere failure to overrule a subordinate's actions, without more, is insufficient to support a § 1983 ratification claim. *Christie v. Lopa*, 176 F.3d 1231, 1239 (9th Cir. 1999); *see also Clouthier v. Cnty. of Contra Costa*, 591 F.3d 1232, 1253-54 (9th Cir. 2010) (holding that failure to discipline employees, without more, was insufficient to establish ratification) (overruled on other grounds in *Castro v. County of Los Angeles*, 833 F.3d 1030, 1070 (9th Cir. 2016) (*en banc*); *Lassiter v. City of Bremerton*, 556 F.3d 1049, 1055 (9th Cir. 2009) ("A single decision by a municipal policymaker 'may be

**18**

**DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

sufficient to trigger Section 1983 liability under *Monell*, even though the decision is not intended to govern future situations,' but the plaintiff must show that the triggering decision was the product of a 'conscious, affirmative choice' to ratify the conduct in question") (citation omitted); *Lytle v. Carl*, 382 F.3d 978, 987-988 (9th Cir. 2004) ("[R]atification requires both knowledge of the alleged constitutional violation, and proof that the policymaker specifically approved of the subordinate's act"). "A mere failure to overrule a subordinate's actions, without more, is insufficient to support a § 1983 claim." *Dasovich v. Contra Costa Cnty. Sheriff Dep't.*, 2014 WL 4652118, at *6 (N.D. Cal. Sept. 17, 2014).

As an initial matter, Plaintiff fails to identify who the policy maker at issue is, let alone facts as to what conduct constituted the alleged ratification. Vague and conclusory allegations of official participation in §1983 violations are not sufficient to withstand a motion to dismiss."); *Peterson v. City of Fort Worth*, 588 F.3d 838, 848 (5th Cir. 2009) ("[O]ur precedent has limited the theory of ratification to 'extreme factual situations.'"). In *Segura v. City of La Mesa*, 647 F. Supp. 3d 926, 939, Plaintiff alleges the County "by its 'actions or inactions, authorized and/or ratified' the use of non-lethal force at the La Mesa demonstration, 'including the force used on Plaintiff.'" The Court found these allegations were too conclusory to sufficiently plead a claim for ratification. *Id.* ("The court joins numerous other courts in this Circuit that have found similar conclusory allegations to be insufficient to withstand a motion to dismiss."). Other courts have found similar allegations fail to state a claim under ratification, such as policymakers "ratified" or "knew and/or reasonably should have known" about alleged constitutional violations (*Thurston v. City of Vallejo*, 2021 WL 1839717, at *6 (E.D. Cal. May 6, 2021), authorized policymakers approved of the conduct and decision of DOE defendants (*Barbosa v. Shasta Cty.*, 2021 WL 1634446, at *5 (E.D. Cal. Apr. 26, 2021), and "a final policymaker knew and specifically approved of" a police officer's acts because this allegation "simply recites the elements of the cause of action and does not contain

**19**
**DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

sufficient allegations of underlying facts" (*French v. City of L.A.*, 2020 WL 6064968, at *7 (C.D. Cal. July 9, 2020).

Similar to these cases, Plaintiff has failed to pled any specific facts to support any ratification decision that has occurred by anybody let alone a final policy maker. Plaintiff only alleges "a final policy maker…has a history of ratifying the unconstitutional and unreasonable use of force." (Complaint, 16:4-6.) Plaintiff also alleges that that an unnamed policy maker ratified the individual defendants' acts/omission and bases for them. (Complaint, 16:7-10.) Clearly, the "history" of ratification alleged by Plaintiff is vague, and thus Plaintiff fails to identify who the policy maker at issue is, who the subordinate is, let alone facts as to what conduct constituted the alleged ratification. Consistent with the law set forth above, these conclusory, "threadbare facts" are insufficient to state a claim of ratification. *See*, *Dasovich*, 2014 WL 4652118, at *6 ("Plaintiff's FAC contains no such allegations of affirmative action by Sheriff Livingston; instead, he alleges only that the Sheriff ratified Deputy Allen's conduct 'when he was aware of' it. [Citation omitted]. Such threadbare facts do not contain sufficient allegations of underlying facts to give fair notice and to enable Defendants to defend themselves effectively.") (emphasis added); *Hill v. Fairfield Police Dep't.*, 2016 WL 2602411, at *3 (E.D. Cal. May 5, 2016) ("[T]he Ninth Circuit 'appears to require something more than a failure to reprimand to establish a municipal policy or ratification.' [Citations omitted.] Vague and conclusory allegations of official participation in § 1983 violations are not sufficient to withstand a motion to dismiss."); *Peterson v. City of Fort Worth*, 588 F.3d 838, 848 (5th Cir. 2009) ("[O]ur precedent has limited the theory of ratification to 'extreme factual situations.'").

Thus, as currently pled, Plaintiff's Ratification claim is merely conclusory allegations and must be dismissed.  *See* Fed. R. Civ. P. 12(b)(6).

///

**DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

### III.    PLAINTIFF'S SIXTH CLAIM FOR VIOLATION OF AMERICANS WITH DISABILITIES ACT MUST BE DISMISSED

To state a claim under the Americans with Disability Act ("ADA"), a plaintiff must allege that: (1) she is an individual with a disability; (2) she is otherwise qualified to participate in or receive the benefit of some public entity's services, programs, or activities; (3) she was excluded from participation in or denied the benefits of the public entity's services, programs, or activities, or was otherwise discriminated against; and (4) such exclusion, denial of benefits, or discrimination was by reason of the plaintiff's disability. *Weinreich v. L.A. Cnty. Metro. Transp. Autho.*, 114 F.3d 976, 978 (9th Cir. 1997); *Sheehan v. City and County of San Francisco*, 743 F.3d 1211, 1232 (9th Cir. 2014).

As a threshold matter, Plaintiff fails to allege facts showing that she is an individual with a disability. (*See generally*, Complaint, 17:1-18:7.) Plaintiff asserts that she is qualified individual on a "mental impairment, specifically schizophrenia," that substantially limited her ability to care for herself and control her condition. (Complaint, 17:7-10.) But, courts require plaintiffs to plead a disability "with some factual specificity." *Leibel v. City of Buckeye*, 364 F. Supp. 3d 1027, 1041 (D. Ariz. 2019), *aff'd sub nom. C.L. by & through Leibel v. Grossman*, 798 F. App'x 1015 (9th Cir. 2020); *Bresaz v. Cty. of Santa Clara*, 136 F.Supp.3d 1125, 1135-36 (N.D. Cal. 2015).

Even if Plaintiff had adequately alleged a qualifying disability, which Defendant denies, her ADA claim still fails for the independent reasons set forth below.

#### A.    Plaintiff Has Not Pled Facts Sufficient to Establish That Plaintiff Was Excluded From or Denied Any Services, Program, or Activity

Plaintiff's Sixth Claim fails because she does not allege facts showing she was "excluded from participation in" or "denied the benefits of" Defendant's services, programs, or activities by reason of her disability. *See*, 42 *U.S.C.* § 12132;

21

*Sheehan*, *supra*, 743 F.3d, at 1232; *see also*, *Wilkey v. County of Orange*, 295 F.Supp.3d.1086, 1092 (C.D. Cal. 2017) ("To set forth an ADA claim, Plaintiff bears the burden of establishing [she] was excluded from participating in or denied the benefits of the County's services, programs, or activities by reason of [her] disability.") (quoting, *Lovell v. Chandler*, 303 F.3d 1039, 1052 (9th Cir. 2002).

Instead, Plaintiff offers only conclusory allegations, such as failures to train deputies, use de-escalation techniques, or deploy a Crisis Assessment Team ("CAT"). (Complaint, 17:23-18:2) These assertions are unsupported by facts showing any exclusion, denial of services, or discrimination based on disability.

To the contrary, Plaintiff's own allegations establish that Defendant responded to a call, arrived at her residence, and attempted to conduct a welfare check. (Complaint, 5:10-7:27.) These facts defeat any claim that services were withheld or denied. Nor does Plaintiff allege facts showing that any use of force was because of her disability, as opposed to her conduct, specifically, exiting her residence while holding a knife. (Complaint, 6:7-11).

Plaintiff likewise fails to allege that the lack of a deployed CAT team was made by sole reason of Plaintiff's alleged known disability, or that similarly situated non-disabled individuals were treated differently. *See*, *Villery v. California Dep't of Corr. & Rehab.*, 2015 WL 4112324, at *8 (E.D. Cal. 2015) ("In order to state a claim under the ADA …, Plaintiff must have been 'improperly excluded from participation in, and denied the benefits of, a prison service, program, or activity on the basis of his physical handicap. Plaintiff has alleged no such exclusion or denial. Thus, Plaintiff fails to state a claim under the ADA…") (internal citation omitted); *see also*, *Packnett v. Alvarez*, 2015 WL 4186168, at *3 (N.D. Cal. 2015) ("While plaintiff claims to be an individual with a disability under the federal statutes, he has not alleged discriminatory conduct … He does not allege that he was treated differently than similarly-situated nondisabled inmates and he does not allege that

**DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

he was excluded from participation in a prison program or service because of his disability.").

Accordingly, Plaintiff fails to state a claim under the ADA.

**B.      Plaintiff Has Not Pled Facts Sufficient to Establish That Plaintiff Was Discriminated By Reason of Her Disability**

To recover damages under the ADA, a plaintiff must show intentional discrimination which may be established by a showing of deliberate indifference. *A.G. v. Paradise Valley Unified Sch. Dist. No. 69*, 815 F.3d 1195, 1204 (9th Cir. 2016) (quoting *Mark H. v. Lemahieu*, 513 F.3d 922, 938 (9th Cir. 2008)). "Deliberate indifference requires both knowledge that a harm to a federally protected right is substantially likely, and a failure to act upon that the likelihood." *Duvall v. County of Kitsap*, 260 F.3d 1124, 1139 (9th Cir. 2001). To establish this requirement, "a plaintiff 'must present evidence that animus against the protected group was a significant factor in the position taken by the … decision-makers themselves or by those to whom the decision-makers were knowingly responsive.'" *Bennett v. Hurley* Medical Center, 86 F.4th 314, 325 (6th Cir.2023) [citation omitted]. Here, there are no facts in Plaintiff's Complaint to establish that Defendant acted with animus towards Plaintiff's disability, let alone that a decision maker acted with animus.

Plaintiff alleges no facts supporting discriminatory animus or deliberate indifference. Her claim rests upon the assertion that Defendant failed to deploy a CAT team despite allegedly knowing of her condition. (Complaint, 17:27-18:2.) That allegation, without more, is insufficient.

The ADA prohibits discrimination because of disability, not inadequate treatment. *See*, *Wilkey, supra*, 295 F.Supp.3d, at 1093 ("The ADA prohibits discrimination because of disability, *not inadequate treatment for disability*.'" (quoting, *Simmons v. Navajo Cty., Ariz.*, 609 F.3d 1011 (9th Cir. 2010); *accord*, *Bryant v. Madigan*, 84 F.3d 246, 249 (7th Cir. 1996) ("[T]he Act would not be

**23**
**DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

violated by a prison's simply failing to attend to the needs of its disabled prisoners… The ADA does not create a remedy for malpractice; *Arreola v. California Dep't of Corr. & Rehab.*, 2017 WL 1196802, at *2 (N.D. Cal. 2017) ("While these allegations might point to indifference or negligence, they do not show [the plaintiff] was discriminated against, or denied benefits, by reason of a disability."). At most, Plaintiff alleges a failure to provide additional resources, which does not constitute discrimination.

Nor do Plaintiff's allegations establish deliberate indifference. Plaintiff does not allege facts showing Defendant knew that failing to deploy CAT would likely violate her rights, or that any such decision was deliberate rather than, at most, negligent. *See*, *City of Canton v. Harris*, 489 U.S. 378, 389 (1988); *Duvall v. County of Kitsap*, 260 F.3d 1124, 1139 (2001).  This "knowledge" may be established when "the plaintiff has alerted the public entity to his need for accommodation (or where the need for accommodation is obvious or required by statute or regulation)".  *See*, *Duvall*, *supra*, 260 F.3d 1224, at 1139. Indeed, to establish the second element of deliberate indifference, "a failure to act must be a result of conduct that is more than negligent and involves an element of deliberateness."  *See*, *Duvall*, *supra*, 260 F.3d 1224, at 1139-40.  As the Duvall Court stated, "[b]ecause in some instances events may be attributable to bureaucratic slippage that constitutes negligence rather than deliberate action or inaction, we have stated that deliberate indifference does not occur where a duty to act may simply have been overlooked, or a complaint may reasonably have been deemed to result from events taking their normal course.  *See*, *Id*. (*citing*, *Ferguson v. City of Phoenix*, 157 F.3d at 675 (9th Cir. 1998)). Here, even assuming the allegations that Plaintiff makes against Defendant are true, they do not, as alleged, amount to more than negligence, because they are not *specific* enough to indicate any deliberate intent on behalf of Defendant to refuse to deploy CAT at the scene during this incident.

Accordingly, Plaintiff fails to plead intentional discrimination.

**DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

### C.   Plaintiff's Attempt to Reframe A "Use-Of-Force" Claim As A "Failure To Accommodate" Claim Fails

Plaintiff improperly attempts to recast a use-of-force claim as a failure-to accommodate claim. This effort fails. In the Ninth Circuit, a plaintiff bears the burden of identifying a reasonable accommodation. *See*, *O'Doan v. Sanford*, 991 F.3d 1027, 1038, n. 1 (9th Cir. 2021) (affirming summary judgment on Plaintiff's ADA claim based on alleged "failure to accommodate" in arrest/use of force context, first acknowledging that "[u]nder the ADA, 'the plaintiff bears the initial burden of producing evidence of the existence of a reasonable accommodation' and then finding that "Plaintiff has not shown that a lesser amount of force would have been reasonable under the circumstances.") (quoting *Sheehan*, *supra*, 743 F.3d, at 1233).

Although Plaintiff references "de-escalation and non-lethal force in interactions" and CAT deployment, she does not identify any specific, available accommodation or allege facts showing such measures were feasible under the circumstances. Plaintiff's own allegations describe a rapidly evolving situation in which deputies responded to a welfare check, Plaintiff exited holding a knife, and force was used shortly thereafter. (Complaint, 6:7-11.) These facts do not plausibly suggest that deputies even had a realistic opportunity to assess or implement an accommodation.

Simply put, Plaintiff's allegations therefore amount to nothing more than conclusory assertions insufficient under *Twombly* and *Iqbal*. *See*, *Twombly*, *supra*, 550 U.S. at 555 ("[T]threadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice."); *Iqbal*, *supra*, 556 U.S. at 678 ("A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'") (quoting Twombly, supra, 550 U.S. at 555, 557)).

**D.      Defendant Is Not Obligated Under ADA to Provide Reasonable Accommodations Under the Circumstances**

Although Title II of the ADA can apply to law enforcement encounters, it does not impose a categorical duty to provide accommodations in all circumstances. *See*, 42 U.S.C.A. § 12132, sheriff's deputies who responded to call were not obligated under ADA to provide subject with reasonable accommodations or reasonable modification to procedures and policies in response to 911 call. *Bresaz v. Cnty. of Santa Clara*, 136 F. Supp. 3d 1125, 1133 (N.D. Cal. 2015).

Here, Plaintiff alleges only that deputies responded to a call for service and knocked on the door.  Those allegations, without more, do not support a plausible claim that reasonable accommodations were required or denied. The determination of whether accommodation is required depends on fact-specific inquiries. *Sommers v. City of Santa Clara*, 516 F. Supp. 3d 967, 990 (N.D. Cal. 2021). However, Plaintiff fails to provide sufficient factual detail to establish her accommodation claim. Accordingly, Plaintiff fails to state a claim under the ADA.

**IV.    CONCLUSION**

For the foregoing reasons, Defendant respectfully requests that the Court grant their Motion as prayed and dismiss Plaintiff' Third, Fourth, Fifth, and Sixth Claims against the County as asserted in her Complaint pursuant to Fed. R. Civ. P. 12(b)(6).

DATED: April 20, 2026

**LYNBERG & WATKINS**
A Professional Corporation

By: */s/ Amy R. Margolies*
**SHANNON L. GUSTAFSON**
**AMY R. MARGOLIES**
**AYAKO W. PETERS**
Attorneys for Defendant
COUNTY OF ORANGE

**26**
**DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

## CERTIFICATE OF COMPLIANCE

The undersigned, counsel of record for the County of Orange certifies that this brief contains 5,393 words, which:

☐ complies with the word limit of L.R. 11-6.1.

☐ complies with the word limit set by court order dated _____.

DATED: April 20, 2026

LYNBERG & WATKINS
A Professional Corporation


By: /s/ Amy R. Margolies
SHANNON L. GUSTAFSON
AMY R. MARGOLIES
AYAKO W. PETERS
Attorneys for Defendant, COUNTY OF ORANGE

DEFENDANT'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT