**LAW OFFICES OF DALE K. GALIPO**
Dale K. Galipo (SBN 144074)
dalekgalipo@yahoo.com
Cooper Alison-Mayne (SBN 343169)
cmayne@galipolaw.com
21800 Burbank Boulevard, Suite 310
Woodland Hills, CA 91367
Phone: (818) 347-3333

*Attorneys for Plaintiff BRITANY*
*TRANCKINO, by and through her Guardian*
*ad Litem, TRACY COLE*

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| BRITANY TRANCKINO, by and through her Guardian ad Litem, TRACY COLE,<br><br>              Plaintiff,<br><br>   vs.<br><br>COUNTY OF ORANGE and DOE 1,<br><br>             Defendants. | Case No. 8:26-cv-00509-JWH-JDE<br><br>*Judge John W. Holcomb*<br><br>**JOINT RULE 26(F) SCHEDULING CONFERENCE REPORT**<br><br>Date: May 22, 2026<br>Time: 9:00 a.m.<br>Ctrm: 9D<br><br>Complaint (with Demand for Jury Trial) Filed: March 4, 2026<br>Motion to Dismiss Filed by County of Orange: April 20, 2026 |

Pursuant to this Court's Standing Order (ECF No. 16), as well as Federal Rule of Civil Procedure 26(f) and Local Rule 26-1, the parties submit the following report, by and through their respective counsel of record:

## I.    STATEMENT OF THE CASE

**Plaintiff's Statement**

This civil rights action arises from the police shooting of Plaintiff Britany Tranckino. On March 28, 2025, Orange County Sheriff's Department ("OCSD") deputies responded to a welfare check at the apartment of Britany Tranckino, a 38-year-old woman who suffered from schizophrenia. When the deputies arrived, Ms.

Tranckino came outside holding a kitchen knife. Moments later, Ms. Tranckino lowered the knife and turned to walk back into her apartment. At that moment, DOE 1 shot her multiple times. As a result, Ms. Tranckino is now permanently paraplegic.

The Complaint asserts federal claims under 42 U.S.C. § 1983 for excessive force, denial of medical care, violations of the Americans with Disabilities Act, municipal liability, as well as state law claims for battery, negligence, and violation of California Civil Code § 52.1.

**Defendant's Statement**

This lawsuit arises from a March 28, 2025, law enforcement encounter involving Plaintiff Britany Tranckino and Orange County Sherriff's Department. That day the Orange County Sherriff's Department received a call for service reference a female screaming inside a residence. When deputies responded to the residence, an adult female came out with a knife and a deputy involved shooting occurred. The deputy immediately informed dispatch that shots had been fired. Deputies requested emergency medical services and provided medical aid.

Defendants deny Plaintiff suffered any constitutional violation or state law tort as a result of the incident, as all of the deputy's/deputies' actions were reasonable under the circumstances, and were supported by legitimate law enforcement safety concerns.  Defendants further contend Plaintiff's federal claims are barred by the doctrine of qualified immunity.  The County of Orange denies that Plaintiff was subjected to any violation of the Americans with Disabilities Act, that the incident was a result of an alleged lack of training, that the County uses unreasonable uses of force, and that there is any policy, pattern, or practice of alleged constitutional violations to support any theory of municipal liability. Defendants further deny Plaintiff suffered any compensable damages or loss in any sum, or at all.

## II.    SUBJECT MATTER JURISDICTION

This civil action is brought for alleged deprivations of the constitutional rights as protected by 42 U.S.C. § 1983 and the Fourth and Fourteenth Amendments of the United States Constitution. This Court has original jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343(a)(3)-(4) because Plaintiff asserts claims arising under the laws of the United States and the United States Constitution.

Venue lies in the United States District Court for the Central District of California pursuant to 28 U.S.C. Section 1391 because the events giving rise to this action took place in Orange County, California.

All named defendants have been served.

## III.    LEGAL ISSUES

The gravamen of Plaintiff's claims concern whether the deputy involved shooting was unlawful and in violation of Plaintiff's constitutional rights in light of the circumstances and the County's policies and procedures regarding the same.

The key legal issues in dispute include:

- Whether Defendant DOE 1 violated Plaintiff's Fourth Amendment rights under 42 U.S.C. § 1983 by using excessive force when DOE 1 shot Plaintiff;
- Whether the County is liable under *Monell v. Department of Social Services*, 436 U.S. 658 (1978), for maintaining unconstitutional customs, practices, or policies—including inadequate training, failure to supervise, and ratification of excessive force;
- Whether Defendants DOE 1 is liable under California law for battery, negligence, and violations of the Bane Act (Cal. Civ. Code § 52.1);
- Whether DOE 1's conduct showed a reckless disregard for Plaintiff's right to be free from excessive force.
- The extent of Plaintiff's comparative fault;
- The nature and extent of Plaintiff's damages.

## IV.    PARTIES, EVIDENCE, ETC.

Several categories of parties and evidence will be central to this case. Plaintiff will testify regarding the events, her injuries, and their continuing impact. A County deputy witnessed the shooting and preceding events and will be able to testify about their conduct and observations. In addition, there may be civilian witnesses, including the reporting party, who observed portions of Plaintiff's conduct, the interaction with Plaintiff and the deputy and/or events preceding the incident that are material to the claims and defenses in this action. These witnesses may be expected to testify regarding their observations and knowledge of the incident and surrounding circumstances.

Witnesses may also include OrangeCounty Fire Department personnel, as well as any other ambulance and paramedic personnel who responded to the scene; doctors and other medical personnel; investigators who investigated the incident including laboratory and technical personnel involved; neighbors, friends and family members who may opine on either the incident or damages aspects of the case; as well as the parties' respective expert witnesses.

There is video evidence documenting some or all of the encounter, including body-worn camera footage and third-party video. In addition, relevant dispatch communications and radio traffic recordings exist and could provide further context regarding the deputy's actions and decision-making before, during, and after the use of force. These sources of testimony and evidence will be critical to establishing the facts and resolving the issues presented in this case.

## V.    DAMAGES

Plaintiff seeks compensatory damages for physical injuries, pain and suffering, emotional distress, loss of enjoyment of life, and medical expenses. Plaintiff also seeks punitive damages against the deputy who shot her, as well as attorney's fees, costs, and interest.

Defendants contend Plaintiff did not suffer any actionable injury and is therefore not entitled to damages in any sum, or at all.

## VI.    INSURANCE

The County of Orange is self-insured pursuant to the California Government Code.  *See* California <u>Government Code</u> § 990 et seq.

## VII.    MOTIONS

There is a pending motion to dismiss, which was filed by Defendant County of Orange.

Depending on how discovery progresses, Plaintiff may file discovery-related motions should disputes arise that cannot be resolved informally. The anticipated disputes would relate to the defendant deputy's personel files and record requests related to Plaintiff's Monell claims.

Other than dispositive motions identified in subsection (XIII) below, Defendants contemplate filing a Motion to Bifurcate Plaintiff's municipal liability claims at the time of trial.  If needed, Defendants also anticipate requesting bifurcation/severance of Plaintiff's punitive damages claims against the individual Defendant.

## VIII.  MANUAL FOR COMPLEX LITIGATION

The parties do not believe this case requires use of the Manual for Complex Litigation.

## IX.    STATUS OF DISCOVERY

The parties agreed to exchange initial disclosures on May 14, 2026. Plaintiff served discovery requests on May 5, 2026. The parties anticipate filing an agreed upon protective order shortly.

## X.    DISCOVERY PLAN

Plaintiff intends to conduct discovery into the deputy's conduct, the County's policies and training, the County's pattern and practice of unconstitutional use of lethal force, and Plaintiff's damages. Depositions will

include involved deputies, civilian witnesses, and treating providers. Plaintiff may take Rule 30(b)(6) depositions related to her Monell claims. Plaintiff will seek body-worn camera footage, dispatch audio, policy documents relevant to Monell claims, and records related to past similar incident. Expert witnesses will address police practices, pain and suffering, physical and mental injury, damages, and reasonable accommodations in relation to Plaintiff's ADA claim.

Defendants intend to conduct discovery regarding Plaintiff's contentions, factual bases and evidentiary basis for their liability claims, and Plaintiff's damages claims, including the issuing of subpoenas for medical, employment and other third party records.

## XI.    DISCOVERY CUT-OFF

The parties propose a fact discovery cut-off of August 20, 2027.

## XII.    EXPERT DISCOVERY

Initial expert disclosures: July 16, 2027.

Rebuttal expert disclosures: August 16, 2027.

## XIII.   DISPOSITIVE MOTIONS

The defendants anticipate filing motions for summary judgment.

## XIV.   SETTLEMENT/ALTERNATIVE DISPUTE RESOLUTION

The parties have not yet engaged in settlement discussions. They propose panel mediation as the preferred form of ADR and have agreed on Mediator Richard Copeland and anticipate having their first mediation before July 16, 2027.

## XV.    TRIAL ESTIMATE

The parties request a jury trial. Based on the current scope of claims and anticipated witnesses, the parties estimate trial will require approximately 8 court days.

## XVI.   TRIAL COUNSEL

Lead Trial Counsel for Plaintiff are Dale K. Galipo and Cooper Alison-Mayne. Lead Trial Counsel for Defendant County of Orange are Amy R .

Margolies and Shannon L. Gustafson. All attorneys are registered to receive ECF notifications.

## XVII. INDEPENDENT EXPERT OR MASTER

The parties do not believe appointment of a master or independent expert is necessary.

## XVIII.     TIMETABLE

The parties' proposed schedule is set forth in the attached Exhibit A.

## XIX.  AMENDING PLEADINGS AND ADDING PARTIES

Plaintiff intends to amend the Complaint to substitute the Doe 1 once his identity is determined through discovery. The parties anticipate being able to come to a stipulation to amend the complaint.

## XX.  OTHER ISSUES

No unusual issues are presently anticipated.

## XXI.  CONSENT TO PROCEED BEFORE MAGISTRATE JUDGE

The parties have discussed whether to consent to proceed before a Magistrate Judge pursuant to 28 U.S.C. § 636(c). At this time, the parties do not consent.

Dated: May 8, 2026          **LAW OFFICES OF DALE K. GALIPO**

By:   */s/   Cooper Alison-Mayne*
Dale K. Galipo
Cooper Alison-Mayne
*Attorneys for Plaintiff BRITANY TRANCKINO, by and through her Guardian ad Litem, TRACY COLE*

Dated:  May 8, 2026          Respectfully submitted,

**LYNBERG & WATKINS**
A Professional Corporation

By:    */s/ Amy Margolies*
                **Shannon L. Gustafson, Esq.**
                **Amy R. Margolies, Esq.**
                Attorneys for Defendant
                COUNTY OF ORANGE