Shannon L. Gustafson (SBN228856)
sgustafson@lynberg.com
Amy R. Margolies (SBN283471)
amargolies@lynberg.com
Ayako W. Peters (SBN312156)
apeters@lynberg.com
**LYNBERG & WATKINS**
A Professional Corporation
1100 W, Town & Country Road, Suite #1450
Orange, California 92868
(714) 937-1010 Telephone
(714) 937-1003 Facsimile

Attorneys for Defendant, COUNTY OF ORANGE

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRITANY TRANCKINO, by and through her Guardian ad Litem, TRACY COLE,<br><br>          Plaintiff,<br><br>     vs.<br><br>COUNTY OF ORANGE, and DOE 1,<br><br>          Defendants. | CASE NO: 8:26-cv-00509-JWH-JDE<br><br>*Assigned for All Purposes to:*<br>*Hon. John W. Holcomb*<br>*Magistrate Judge: John D, Early*<br><br>**DEFENDANT'S REPLY IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S COMPLAINT**<br><br>Date:          May 22, 2026<br>Time:          9:00 a.m.<br>Dept.:          9D<br><br>*Complaint filed: 3/04/26* |

**DEFENDANT'S REPLY IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

# TABLE OF CONTENTS

I.    PRELIMINARY STATEMENT ................................................................... 6

II.   PLAINTIFF'S *MONELL* CLAIMS (3, 4 & 5) FAIL TO SATISFY FEDERAL PLEADING STANDARDS ........................................................... 6

    A.    Plaintiff's "Custom, Practice or Policy" Theory Remains a Single-Incident Monell Claim.................................................................. 7

    B.    Plaintiff's Failure to Train Theory is Conclusory and Does Not Fit the Narrow Single-Incident Exception ............................................. 8

    C.    Plaintiff's Ratification Theory is Speculative and Fails to Plead Action by a Final Policymaker ......................................................... 10

III.  PLAINTIFF FAILS TO STATE A PLAUSIBLE ADA CLAIM................... 12

    A.    Plaintiff Does Not Plausibly Allege Discrimination "By Reason of" Disability.............................................................................. 12

    B.    Plaintiff Fails to Plead Specific Feasible Reasonable Accommodation .................................................................................... 12

    C.    *Sheehan* and *Vos* Do Not Support Plaintiff's Theory ........................... 13

    D.    Exigent Circumstances Inform the ADA Analysis and Bar Second-Guessing Split-Second Law Enforcement Decisions .............. 14

IV.  QUALIFIED IMMUNITY ....................................................................... 15

V.   PLAINTIFF SHOULD NOT BE GRANTED LEAVE TO AMEND ............ 15

VI.  CONCLUSION ........................................................................................ 16

**DEFENDANT'S REPLY IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

# TABLE OF AUTHORITIES

*Page(s)*

*Cases*

*A.E. ex rel. Hernandez v. Cnty. of Tulare*,
666 F.3d 631 (9th Cir. 2012)................................................................................6

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009) ...................................................................................6, 16

*Bell Atl. Corp. v. Twombly*,
550 U.S. 544 (2007) ...........................................................................................6

*Christie v. Iopa*,
176 F.3d 1231 (9th Cir. 1999)............................................................................8

*City of Oklahoma City v. Tuttle*,
471 U.S. 808, 105 S.Ct. 2427, 85 L.Ed.2d 791 (1985) ......................................7

*Connick v. Thompson*,
563 U.S. 51 (2011) ......................................................................................9, 10

*Davis v. City of Ellensburg*,
869 F.2d 1230 (9th Cir. 1989)............................................................................7

*Davis v. City of San Jose*,
2014 WL 2859189 (N.D. Cal. 2014)..................................................................16

*Gillette v. Delmore*,
979 F.2d 1342 (9th Cir. 1992)..........................................................................11

*Gonzalez v. City of Anaheim*,
747 F.3d 789 (9th Cir. 2014)............................................................................14

*Gonzalez v. Cty. of San Bernardino*,
No. EDCV 20-1363 JGB (SPx), 2021 U.S. Dist. LEXIS 81333 (C.D. Cal. Mar.
15, 2021)............................................................................................................13

*Gordon v. Cnty. of Orange*,
6 F.4th 961 (9th Cir. 2021)................................................................................7

*Graham v. Connor*,
490 U.S. 386, 109 S. Ct. 1865, 104 L. Ed. 2d 443 (1989)................................14

**3**

**DEFENDANT'S REPLY IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

*Henry v. Cty. of Shasta*,
132 F.3d 512 (9th Cir. 1997)...................................................................................7

*Herd v. Cnty. of San Bernardino*,
311 F. Supp. 3d 1157 (C.D. Cal. 2018)...................................................................9

*Hill v. Fairfield Police Dep't*,
2016 U.S. Dist. LEXIS 60076 (E.D. Cal. 2016).....................................................11

*Hollandsworth v. City & Cnty. of Honolulu*,
440 F. Supp. 3d 1163 (D. Haw. 2020) ....................................................................9

*Hyde v. City of Willcox*,
23 F.4th 863 (9th Cir. 2022)..................................................................................10

*Hyun Ju Park v. City & County of Honolulu*,
952 F.3d 1136 (9th Cir. 2020)................................................................................9

*Ismail v. Cnty. of Orange*,
917 F. Supp. 2d 1060 (C.D. Cal. 2012)..................................................................15

*Lucero v. County of Orange*,
536 F.Supp.3d 628 (C. D. Cal. 2021)....................................................................15

*Lytle v. Carl*,
382 F.3d 978 (9th Cir. 2004)................................................................................11

*Moody v. Cal. Dep't of Corr. & Rehab.*,
No. 18cv1110-WQH (AGS), 2020 U.S. Dist. LEXIS 36562 (S.D. Cal. Mar. 3, 2020)......................................................................................................................15

*Moore v. County of Orange*,
2017 WL 10518114 (C.D. Cal. 2017).....................................................................6

*Razavi v. Martins*,
No. 17-cv-00717-JST, 2018 U.S. Dist. LEXIS 69039 (N.D. Cal. Apr. 24, 2018) 13

*Rich v. Shrader*,
823 F.3d 1205 (9th Cir. 2016)..............................................................................15

*Scarano v. Cnty. of Stanislaus*,
806 F. Supp. 3d 1137 (E.D. Cal. 2025)............................................................9, 10

*Sheehan v. City and County of San Francisco*,
743 F.3d 1211 (9th Cir. 2014)..............................................................................13

4

**DEFENDANT'S REPLY IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

*Simmons v. Navajo Cnty., Ariz.*,
   609 F.3d 1011 (9th Cir. 2010)...............................................................................12

*Spriestersbach v. Hawaii, City & Cnty. of Honolulu*,
   No. CV 21-00456 LEK-RT, 2024 WL 1703114 (D. Haw. Apr. 19, 2024).............8

*Starr v. Baca*,
   652 F.3d 1202 (9th Cir. 2011)..........................................................................6, 16

*Steinmetz v. Am. Honda Fin.*,
   447 F. Supp. 3d 994 (D. Nev. 2020) ......................................................................6

*Trevino v. Gates*,
   99 F.3d 911 (9th Cir. 1996)....................................................................................7

*Vos v. City of Newport Beach*,
   892 F.3d 1024 (9th Cir. 2018).............................................................................13

*Whitaker v. Tesla Motors, Inc.*,
   985 F.3d 1173 (9th Cir. 2021)..............................................................................16

**DEFENDANT'S REPLY IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

## I.    PRELIMINARY STATEMENT

Plaintiff's Opposition does not cure the Complaint's fundamental pleading defects. Instead, it confirms that Plaintiff's *Monell* and ADA claims rest on conclusory allegations, speculation, and hindsight untethered to plausible facts or controlling law. Plaintiff still fails to identify facts plausibly establishing a municipal policy, custom, deliberate indifference, or disability discrimination by reason of disability. For the reasons set forth in Defendant's Motion, Plaintiff's Third, Fourth, Fifth, and Sixth Claims should be dismissed under Rule 12(b)(6).

## II.    PLAINTIFF'S *MONELL* CLAIMS (3, 4 & 5) FAIL TO SATISFY FEDERAL PLEADING STANDARDS

Plaintiff's Monell claims fail because the Complaint offers only conclusory allegations and formulaic recitations unsupported by plausible facts. To survive a motion to dismiss, a plaintiff "must make sufficient factual allegations to establish a plausible entitlement to relief." *Steinmetz v. Am. Honda Fin.*, 447 F. Supp. 3d 994, 1003 (D. Nev. 2020); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007). The plausibility standard demands more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although detailed factual allegations are unnecessary, a complaint must contain more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Steinmetz v. Am. Honda Fin.*, 447 F. Supp. 3d 994, 1003 (D. Nev. 2020); *Twombly* at 555. These settled pleading rules apply equally to *Monell* claims. *See A.E. ex rel. Hernandez v. Cnty. of Tulare*, 666 F.3d 631, 637 (9th Cir. 2012)(noting that pleading standards announced in *Iqbal* and *Twombly* "appl[y] to *Monell* claims."); *see also Moore v. County of Orange*, 2017 WL 10518114, at *3 (C.D. Cal. 2017). Thus, *Monell* allegations must contain "underlying facts sufficient to give fair notice and enable the opposing party to defend itself effectively." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). Plaintiff's Complaint does not meet these standards and the *Monell* claims should therefore be dismissed.

**DEFENDANT'S REPLY IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

A.    **Plaintiff's "Custom, Practice or Policy" Theory Remains a Single-Incident Monell Claim**

Plaintiff's Opposition still fails to plead facts establishing a plausible municipal custom, practice, or policy under *Monell*. Instead, Plaintiff attempts to transform the March 28, 2025, shooting, the **_sole_** incident alleged in the Complaint, into evidence of a County-wide custom through conclusory allegations and speculation regarding post-incident conduct.

But a "custom or practice" must be founded upon conduct of "sufficient duration, frequency, and consistency that the conduct has become a traditional method of carrying out policy." *Trevino v. Gates*, 99 F.3d 911, 918 (9th Cir. 1996). It cannot rest on "isolated or sporadic incident." *Id*. Indeed, the Supreme Court has explained that "[p]roof of a single incident of unconstitutional activity is not sufficient to impose liability ... unless proof of the incident includes proof that it was caused by an existing ... municipal policy, which policy can be attributed to a municipal policymaker." *City of Oklahoma City v. Tuttle*, 471 U.S. 808, 823-24, 105 S.Ct. 2427, 85 L.Ed.2d 791 (1985) (plurality opinion). The rationale for this rule is straightforward: a single incident of police misbehavior by a single policeman is insufficient as sole support for an inference that a municipal policy or custom caused the incident. *See Tuttle* at 832, 105 S.Ct. 2427 (Brennan, J., concurring).

Plaintiff's reliance on *Henry v. Cty. of Shasta*, 132 F.3d 512, 519 (9th Cir. 1997), does not alter this result. Even assuming post-event evidence may be probative, Plaintiff still cannot establish a municipal custom based solely on the incident at issue. *See*, *Davis v. City of Ellensburg*, 869 F.2d 1230, 1233 (9th Cir. 1989)(holding a plaintiff cannot "prove the existence of a municipal policy or custom based solely on the occurrence of a single incident of unconstitutional action by a non-policymaking employee" citing *Tuttle*). Nor does Plaintiff identify any other similar incidents, repeated constitutional violations, or facts demonstrating a persistent and widespread practice. *See*, *Gordon v. Cnty. of Orange*, 6 F.4th 961,

**DEFENDANT'S REPLY IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

974 (9th Cir. 2021)("Where no argument exists that the express policies themselves were unconstitutional, plaintiff was required to produce evidence creating a triable issue of fact regarding the existence of an unconstitutional practice or custom."); *see also*, *Christie v. Iopa*, 176 F.3d 1231, 1235 (9th Cir. 1999)("A single constitutional deprivation ordinarily is insufficient to establish a longstanding practice or custom.").

Plaintiff's allegations regarding post-incident non-discipline fare no better. Courts recognize that a custom may be inferred from "***widespread practices*** or evidence of ***repeated*** constitutional violations for which the errant municipal officers were not discharged or reprimanded." *Spriestersbach v. Hawaii, City & Cnty. of Honolulu*, No. CV 21-00456 LEK-RT, 2024 WL 1703114, at *10 (D. Haw. Apr. 19, 2024)(emphasis added). Plaintiff alleges no such widespread pattern here, only this ***single*** incident involving Plaintiff.

Further undermining Plaintiff's theory, the Opposition alleges Defendant previously deployed the County's Crisis Assessment "CAT" Team in response to Plaintiff on prior occasions, while simultaneously claiming Defendant maintained a custom of failing to deploy such resources for mentally ill individuals. Those allegations are internally ***inconsistent*** and defeat any plausible inference of a persistent practice of non-deployment.

Accordingly, Plaintiff's "custom, practice, or policy" theory remains an impermissible single-incident *Monell* claim and should be dismissed.

### B. Plaintiff's Failure to Train Theory is Conclusory and Does Not Fit the Narrow Single-Incident Exception

Plaintiff's Opposition still fails to plead a plausible failure-to-train claim because it identifies no facts regarding Defendant's actual training program, any specific deficiency in that training, or how such deficiency caused the alleged constitutional violation.

///

**DEFENDANT'S REPLY IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

To state a failure to train claim under § 1983, Plaintiff must allege facts showing "(1) the existing training program is inadequate in relation to the tasks the particular officers must perform; (2) the failure to train amounts to deliberate indifference to the rights of persons with whom the police came into contact; and (3) the inadequacy of the training actually caused the deprivation of the alleged constitutional right*." Hollandsworth v. City & Cnty. of Honolulu*, 440 F. Supp. 3d 1163, 1181 (D. Haw. 2020). Courts routinely dismiss such claims where plaintiffs "provide no facts regarding the training the officers received and do not explain why the training was inadequate." *Herd v. Cnty. of San Bernardino*, 311 F. Supp. 3d 1157, 1168 (C.D. Cal. 2018). As *Herd* further explained,  allegations are "threadbare" where a complaint does "not identify what the training and hiring practices were, how the training and hiring practices were deficient, or how the training and hiring practices caused Plaintiffs' harm." *Id* at 1169.

That is precisely the defect here. Plaintiff alleges, in conclusory fashion, that Defendant County failed to train its deputies regarding de-escalation, mental health crisis response, and CAT deployment, yet pleads no facts describing the training deputies actually received, what specific component was deficient, or how the alleged deficiency caused the incident at issue. Such formulaic allegations are insufficient to plausibly plead deliberate indifference. *See, Scarano v. Cnty. of Stanislaus*, 806 F. Supp. 3d 1137, 1142-1143 (E.D. Cal. 2025).

Plaintiff also fails to plead deliberate indifference under either recognized pathway for a failure to train claim. A plaintiff must either allege a "pattern of similar constitutional violations by untrained employees," or plead facts showing the need for different training was so "obvious" that policymakers can reasonably be said to have been deliberately indifferent. *Scarano* at 1142, citing *Connick v. Thompson*, 563 U.S. 51, 63-64 (2011) and *Hyun Ju Park v. City & County of Honolulu*, 952 F.3d 1136, 1141-42 (9th Cir. 2020). Plaintiff alleges neither. The Complaint identifies no pattern of similar incidents sufficient to place Defendant

**DEFENDANT'S REPLY IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

County on notice of any purported training deficiency. *See*, *Scarano* at 1142 and *Connick* at 62 (both stating that without notice that a course of training is deficient in a particular respect, decisionmakers can hardly be said to have deliberately chosen a training program that will cause violations of constitutional rights.). Nor does Plaintiff allege facts showing this case falls within the "narrow class of cases" where the need for additional training was so obvious that deliberate indifference may be inferred from a single incident. *Scarano* at 1143.

Further, even assuming Plaintiff plausibly alleged deliberate indifference, "an ***inadequate training policy itself cannot be inferred from a single incident***." *Hyde v. City of Willcox*, 23 F.4th 863, 874–75 (9th Cir. 2022)(emphasis added). As *Hyde* explained, a plaintiff fails to state a claim where they "pleaded no facts even suggesting that the training here was defective." *Id.*

Plaintiff's own allegations further undermine any claim that the need for additional training was "patently obvious." Rather, Plaintiff alleges that, "[o]n prior occasions when the OCSD responded to call involving Ms. Tranckino, the department ***deployed a Crisis Assessment Team***." (Complaint, 5:23-26)(emphasis added.) That allegation demonstrates that Defendant County had recognized a need for mental health crisis response and had implemented resources and protocols to address them, defeating any plausible inference that policymakers wholly ignored an obvious need for mental health crisis response training. Hence, the sheer existence of CAT resources and prior deployments supports that Defendant County was not deliberately indifferent. Accordingly, Plaintiff's conclusory failure to train theory and reliance on the narrow single-incident exception fails as a matter of law.

C.    **Plaintiff's Ratification Theory is Speculative and Fails to Plead Action by a Final Policymaker**

Plaintiff's ratification theory remains deficient because Plaintiff does not identify a final policymaker, allege facts showing that policymaker knew of and approved any alleged constitutional violation, or plead any actual ratifying act

**10**

**DEFENDANT'S REPLY IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

beyond speculation and conclusory assertions.

As set forth in Defendant's moving papers, "[r]atification requires both knowledge of the alleged constitutional violation, and proof that the policy maker specifically approved the subordinate's act." *Lytle v. Carl*, 382 F.3d 978, 987-988 (9th Cir. 2004). Here Plaintiff merely recites those elements while alleging that some unidentified policy maker has a "history of ratifying" unreasonable force and either has determined or "will determine," that the shooting was "within policy." (Complaint, 16:4-10. 16:21-22). Such allegations fall well short of plausibility. Where a pleading offers allegations "merely consistent with a defendant's liability," it "stops short of the line between possibility and plausibility of 'entitlement to relief,'" and must be dismissed. *See*, *Ashcroft* at 678 (*quoting Bell* at 557).

Critically, Plaintiff pleads no facts establishing that any final policymaker knew of, reviewed, or affirmatively approved the alleged use of force or the basis for it. *See e.g. Hill v. Fairfield Police Dep't*, 2016 U.S. Dist. LEXIS 60076, at *9 (E.D. Cal. 2016)("[T]he Ninth Circuit 'appears to require something more than a failure to reprimand to establish a municipal policy or ratification.' [Citations omitted.] Vague and conclusory allegations of official participation in §1983 violations are not sufficient to withstand a motion to dismiss.").

Plaintiff's own allegations confirm the speculative nature of the claim. Plaintiff alleges only that a policymaker "has determined (or will determine)" the conduct was within policy. (Complaint, 16:21-22.) But ratification requires evidence that a policymaker actually "made a deliberate choice to endorse" the subordinate employee's actions. *Gillette v. Delmore*, 979 F.2d 1342, 1348 (9th Cir. 1992). Plaintiff cannot plausibly plead ratification based on speculation that approval may occur sometime in the future.

Accordingly, Plaintiff's ratification theory is entirely conclusory and speculative and should be dismissed.

///

**11**

**DEFENDANT'S REPLY IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

## III.    PLAINTIFF FAILS TO STATE A PLAUSIBLE ADA CLAIM

### A.    Plaintiff Does Not Plausibly Allege Discrimination "By Reason of" Disability

The fundamental defect in Plaintiff's ADA claim remains unchanged: the Complaint alleges force used in response to Plaintiff's **_conduct_**, **_not_** because of her **_disability._** Plaintiff alleges she "came outside holding a kitchen knife" and was shot as she moved back into her apartment. (Complaint, 6:7-8, 6:15-17.) The use of force was therefore triggered by an armed confrontation, not Plaintiff's schizophrenia.

While Plaintiff attempts to characterize the encounter as discrimination based on mental illness, allegations that some Defendant personnel knew someone at the residence had a mental illness, does not plausibly establish discrimination "by reason of" disability. Plaintiff's theory instead amounts to an argument that a deputy inadequately responded to a mental health crisis. But, the "ADA prohibits discrimination because of disability, not inadequate treatment for disability." *Simmons v. Navajo Cnty., Ariz.*, 609 F.3d 1011, 1022 (9th Cir. 2010).

Indeed, Plaintiff's allegations regarding failure to deploy a CAT team, failure to de-escalate, failure to provide warnings, and failure to use less-lethal alternatives are, at bottom, challenges to tactical decisions and the reasonableness of force, not allegations of disability discrimination. The ADA does not constitutionalize every alleged failure in police tactics during a rapidly evolving encounter involving an armed individual.

### B.    Plaintiff Fails to Plead Specific Feasible Reasonable Accommodation

Plaintiff also fails to identify a specific, feasible reasonable accommodation that could have been provided during the encounter. Instead, she offers a list of generalized law enforcement preferences (CAT deployment, de-escalation, warnings, less-lethal force, training, and officer identification) without alleging facts showing any of these measures were actually available or implementable under the

**DEFENDANT'S REPLY IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

circumstances. That deficiency is fatal.

As recognized in this Central District, where a complaint is "silent on what accommodations" were required, the Court cannot evaluate whether Defendant was deliberately indifferent to the need for such an accommodation." *Gonzalez v. Cty. of San Bernardino*, No. EDCV 20-1363 JGB (SPx), 2021 U.S. Dist. LEXIS 81333 (C.D. Cal. Mar. 15, 2021). Plaintiff's pleading suffers from exactly that defect.

Courts likewise reject attempts to avoid this requirement by reframing generalized criticisms of police conduct as ADA accommodations. *See Razavi v. Martins*, No. 17-cv-00717-JST, 2018 U.S. Dist. LEXIS 69039 (N.D. Cal. Apr. 24, 2018)(finding fatal an ADA claim where plaintiff did not include any allegations about what steps defendant needed to take to accommodate Plaintiff's disability.) Plaintiffs must identify concrete steps that were required, not simply assert, in hindsight, that deputies should have acted differently.

Even *Sheehan* confirms this point. While ADA claims may arise from police encounters involving mental illness, the plaintiff "bears the initial burden of producing evidence of the existence of a reasonable accommodation." *Sheehan v. City and County of San Francisco*, 743 F.3d 1211, 1232-33 (9th Cir. 2014). Plaintiff does not meet that burden here. The Complaint is silent as to what accommodation was feasible during the encounter as alleged.

Plaintiff's Opposition merely repackages disagreement with split-second tactical decisions as ADA "accommodations." But generalized hindsight critiques cannot substitute for factual allegations showing a specific, implementable accommodation during a rapidly evolving armed encounter.

### C.   *Sheehan* and *Vos* Do Not Support Plaintiff's Theory

Plaintiff's reliance on *Sheehan* and *Vos* is misplaced. In *Sheehan*, officers had the ability to retreat, secure the area, and await backup while the plaintiff remained contained in her room. *Sheehan*, 743 F.3d 1211 (9th Cir. 2014). In *Vos v. City of Newport Beach*, 892 F.3d 1024, 1037 (9th Cir. 2018), officers had multiple units on

scene and time to assess and coordinate a response.

Here, by contrast, Plaintiff alleges a rapidly evolving encounter involving an armed individual exiting an apartment ***with a knife***. The Complaint alleges no comparable opportunity for delay, containment, or coordinated crisis intervention. Nor does it allege sufficient time or conditions for implementing Plaintiff's proposed accommodations.

These cases underscore that ADA liability is not triggered merely because officers encounter a mentally ill individual during an exigent, ***armed confrontation***.

### D.   Exigent Circumstances Inform the ADA Analysis and Bar Second-Guessing Split-Second Law Enforcement Decisions

ADA reasonableness must be evaluated in context, including exigent circumstances and officer safety. *See*, *Graham v. Connor*, 490 U.S. 386, 396, 109 S. Ct. 1865, 1872, 104 L. Ed. 2d 443 (1989)(stating, [t]he 'reasonableness' of a particular use of force must be judged from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight" and "Not every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers.") If courts impose ADA liability for failure to accommodate in split-second use-of-force scenarios, they effectively second-guess the tactical decisions of officers who must make life-or-death decisions in a matter of seconds. The Ninth Circuit has repeatedly emphasized that the "most important" factor in assessing reasonableness is the immediacy of the threat. *Gonzalez v. City of Anaheim*, 747 F.3d 789, 793 (9th Cir. 2014). Plaintiff's Opposition fails to grapple with this most critical factor.

Plaintiff's allegations describe precisely such an exigent situation: an armed individual emerging from a residence with a knife. (Complaint, 6:7-8.) Further, Plaintiff pleads no facts addressing critical issues such as distance between the armed Plaintiff and the deputy, timing, or whether commands were given or could have been given in those split-second moments. Without such allegations, Plaintiff cannot plausibly establish that feasible accommodations existed or the deputies

**14**
**DEFENDANT'S REPLY IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

acted because of Plaintiff's disability rather than the immediate safety threat.

The ADA does not convert split-second use-of-force decisions into disability discrimination claims.

## IV.    QUALIFIED IMMUNITY

Although the County's Motion targets the municipal and ADA claims, Plaintiff's Opposition repeatedly litigates the underlying use-of-force merits. To the extent Plaintiff's arguments are intended to preview or bolster § 1983 claims against the individual deputy, qualified immunity principles reinforce why Plaintiff's attempt to impose liability based on alleged failures to accommodate is legally and factually fraught. In *Sheehan*, the Supreme Court concluded the officers were entitled to qualified immunity because they did not have fair and clear warning of what the Constitution required in that situation, and therefore did not decide whether the Constitution was violated by an alleged failure to accommodate. M*oody v. Cal. Dep't of Corr. & Rehab.,* No. 18cv1110-WQH (AGS), 2020 U.S. Dist. LEXIS 36562 (S.D. Cal. Mar. 3, 2020). Plaintiff's Opposition does not grapple with that limitation and instead assumes *Sheehan* supplies clearly established law for the broad propositions Plaintiff advances.

## V.    PLAINTIFF SHOULD NOT BE GRANTED LEAVE TO AMEND

Plaintiff requests leave to amend in the alternative. But Plaintiff's Opposition does not identify additional non-conclusory facts she can plead to transform a single incident into a plausible *Monell* custom, to plead the County's actual training program and a specific deficiency, to identify a final policymaker and an actual ratifying act, or to plead a specific feasible ADA accommodation and by reason of causation. Where the Opposition confirms the theories are speculative and conclusory, further amendment would be futile. *See*, *Ismail v. Cnty. of Orange*, 917 F. Supp. 2d 1060, 1066 (C.D. Cal. 2012); *Rich v. Shrader*, 823 F.3d 1205, 1209 (9th Cir. 2016); *Lucero v. County of Orange*, 536 F.Supp.3d 628 at *3 (C. D. Cal. 2021).

To the extent Plaintiff suggests in her Opposition that discovery is needed to

**DEFENDANT'S REPLY IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

uncover facts supporting these deficient theories (Opposition, p. 11-12:25-2), that argument likewise fails. Court do not permit plaintiffs to proceed on conclusory allegations in the hope that discovery will reveal a viable claim. Rule 8 "does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Davis v. City of San Jose*, 2014 WL 2859189, *10 (N.D. Cal. 2014)(citing *Iqbal*, 556 U.S. at 678-679 and *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011)); see also *Whitaker v. Tesla Motors, Inc*., 985 F.3d 1173, 1177 (9th Cir. 2021)("discovery cannot cure a facially insufficient pleading"). Plaintiff must plead plausible facts before obtaining discovery, not use discovery to search for one.

Accordingly, leave to amend should be denied.

## VI.    CONCLUSION

For the foregoing reasons, and the reasons set forth in Defendant's moving papers, Plaintiff's Third, Fourth Fifth, and Sixth Claims should be dismissed.

DATED:  May 8, 2026                                  **LYNBERG & WATKINS**
                                                                          A Professional Corporation


                                                             By:  */s/ Amy R. Margolies*
                                                                          **SHANNON L. GUSTAFSON**
                                                                          **AMY R. MARGOLIES**
                                                                          **AYAKO K. PETERS**
                                                                          Attorneys for Defendant,
                                                                          COUNTY OF ORANGE

**DEFENDANT'S REPLY IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

## CERTIFICATE OF COMPLIANCE

The undersigned, counsel of record for the County of Orange certifies that this brief contains 4,025 words, which complies with the 7,000 word limit of L.R. 11-6.1.

DATED: May 8, 2026                **LYNBERG & WATKINS**
A Professional Corporation

By:  */s/ Amy R. Margolies*
**SHANNON L. GUSTAFSON**
**AMY R. MARGOLIES**
**AYAKO W. PETERS**
Attorneys for Defendant, COUNTY OF ORANGE

**DEFENDANT'S REPLY IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S COMPLAINT**